United States District Court
For the District of New Hampshire
No. 6544

RACHEL C. DESCHAMPS, ADMINISTRATRIX OF THE
ESTATE OF DENNIS DESCHAMPS

v.

CAMP DRESSER & McKEE, INC.

v.

CITY OF NASHUA

DONALD FILLION

v.

CAMP DRESSER & McKEE, INC.

v.

CITY OF NASHUA

June 29, 1973

*Hamblett, Kerrigan, LaTourette & Lopez* and *John P. Griffith*
(*Mr. Joseph M. Kerrigan* orally) for the plaintiffs.

*Wyman, Bean & Tefft* and *Rodney L. Stark* (*Mr. Stark* orally)
for Camp Dresser & McKee, Inc.

GRIMES, J. The United States District Court for the District of New Hampshire (*Bownes, J.*) has certified under our rule 20 certain questions of law concerning RSA 508:4-b. This section reads as follows: "*Damages from Construction.* No action to recover damages for injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, may be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action."

The questions certified are these:

"(A) Whether N.H. RSA 508:4-b permits 'any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action' to bring suit against 'any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six years after the performance or furnishing of such services and construction?'

"(B) If question (A) is answered in the affirmative, then does N. H. RSA 508:4-b apply to employees of a corporation or person in actual possession and control of the improvement at the time of the accident?

"(C) Whether RSA 508:4-b as applied to the facts in this case violates the Constitutions of the United States and of New Hampshire?"

According to an agreed statement of facts, Dennis

Deschamps (the plaintiff Rachel's decedent) and the plaintiff Fillion were both employed by the city of Nashua in September 1971 at the sewage treatment plant. On September 16, 1971, they were asphyxiated by sewer gas resulting in the death of Deschamps and the injury of Fillion. Actions were brought against Camp Dresser & McKee, Inc., the designer of the plant. Defendant filed a motion for summary judgment claiming that RSA 508:4-b barred the actions. Evidence showed that the defendant had completed its design and supervision of construction prior to December 21, 1962, and had no connection with the operation or maintenance of the plant thereafter.

The unique feature of RSA 508:4-b which distinguishes it from most statutes of limitations in negligence actions is that the time begins to run from the time the services are performed rather than from the time of injury. Causes of action for negligence do not arise at the occurrence of the negligent act but rather when the damages result. *White v. Schnoebelen*, 91 N.H. 273, 18 A.2d 185 (1941).

In the present cases the plaintiffs' causes of action arose when they suffered their injury on September 16, 1971, almost nine years after the defendant had completed its work. Plaintiffs claim that their actions are not barred by the statute, but come within the statutory exception, because they were in possession and control of the premises as agents and employees of the city.

The statute by its very terms is a limitation on the bringing of actions against the persons who designed, planned, supervised or constructed the facility. When it says that "this limitation shall not apply" it clearly is referring to the limitation on plaintiffs as they are the ones who bring "action to recover damages." The exception would be meaningless if it were read to apply to actions against owners, tenants and others in possession and control, as defendants, because they are not included in the class against whom actions are barred by the six-year limitation, namely persons "performing or furnishing the design, planning, supervision of construction or construction of the improvement. . . ." There would be no need to exclude those in possession from a class in which

they were never included in the first place. On the other hand those in possession and control would be included in the class of persons who would be barred from bringing suit if it were not for the exception, which was intended to remove them from that class.

We are aware that other states have similar statutes where different wording of the exception clearly excludes from the limitation actions brought against the owner in possession. Ill. Rev. Stat. ch. 83, § 24f (1965); Va. Code Ann. ch. 8-24.2 (Supp. 1973); Louisiana Rev. Stat. 9:2772 (Supp. 1970); Idaho Code § 5-241 (Supp. 1972); Tenn. Code Ann. tit. 28, §§ 314-318 (Supp. 1972); Nev. Rev. Stat. § 11.205; Minn. Stat. § 541.051 (1971). New Hampshire had these examples to follow if it had desired to accomplish the same result.

We realize that a New Jersey court has ruled that its statute which has language like ours was intended to preserve the right to sue one in actual possession. *Salesian Soc'y v. Formigli Corp.*, 120 N.J. Super. 493, 295 A.2d 19 (1972). We cannot adopt the reasoning of that case however in view of what we consider to be clear language to the contrary. We hold that the second sentence of RSA 508:4-b preserves the right of one in possession and control to sue without regard to the limitation of the first sentence. Our answer to question (A) therefore is "Yes".

This exception from the six-year limitation applies to "any person in actual possession and control as owner, tenant or otherwise." The city as the owner could be in possession and control only through its employees. Deschamps and Fillion were its employees and they had possession and control of at least that part of the plant where they were working. The exception extends to those in possession and control "as owners, tenants or *otherwise*". (Emphasis added.) We think this was intended to cover persons other than owners and tenants who were in possession and control and certainly would include employees of the owner or tenant. *See Murray v. Bullard Co.*, 110 N.H. 220, 265 A.2d 309 (1970); *Black v. Fiandaca*, 98 N.H. 33, 93 A.2d 663 (1953). We answer question (B) "No", the six-year limitation does not apply.

In view of our answers to questions (A) and (B), permitting

the plaintiffs to maintain their actions it is not necessary to consider the constitutional issues raised by them, and therefore question (C) need not be answered.

*Answers returned.*

GRIFFITH, J., did not sit; the others concurred.