James E. GOOD and Mary G. Good, Plaintiffs and Appellants,

v.

Don M. CHRISTENSEN et al., Defendants and Respondents.

No. 13659.

Supreme Court of Utah.

Oct. 9, 1974.

[11]. Hales v. Peterson, 11 Utah 2d 411, 306 P.2d 822.

Tim Dalton Dunn, Hanson Wadsworth & Russon, Salt Lake City, for Good.

Dean E. Conder, Nielsen, Conder, Hansen & Henriod, Salt Lake City, for Christensen.

Guy R. Burningham, Gustin & Gustin, Salt Lake City, for Hansen.

ELLETT, Justice:

The plaintiffs appeal from an order dismissing their complaint because of the running of the statute of limitations.

Christensen Construction Company built some carports for the Hansens in 1965. The Hansens sold the realty to the plaintiffs in 1969. In 1973 a heavy snowfall occurred, and the carport fell, causing damages to the plaintiffs.

This complaint was filed more than seven years after the carports were constructed.

Section 78–12–25.5, U.C.A.1953, as amended, was enacted by Chapter 218, Laws of Utah 1967, and so far as material herein reads:

> No action to recover damages for any injury to property, real or personal, or for any injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than seven years after the completion of construction.

> \*   \*   \*   \*   \*   \*

> The limitation imposed by this provision shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action.

> This provision shall not be construed as extending or limiting the periods otherwise prescribed by the laws of this state for the bringing of any action.

The plaintiffs argue that the owner at the time of construction is not affected by the seven-year limitation and may sue within the applicable statute of limitation after injury is occasioned and that this right runs with the land. They rely upon the case of Deschamps v. Camp Dresser & McKee, Inc.,[1] which holds that the exception in a statute similar to ours excludes the owner or tenant in possession at the time of construction from the restriction on time to sue.

We do not think the Deschamps case was properly decided.

■ The owner or person in possession under our statute at first blush might be thought to be within the class of persons whom the seven-year statute protected since he himself may have constructed the building or participated in its design, etc. A landowner or one in possession and control of realty is under a continuing duty to keep the place in repair, and one not the owner or in possession and control would have no cause of action until damage was sustained. On the other hand, an owner does sustain damage as soon as an improper construction is made, and he can bring an action against the contractor for breach of contract or for negligent construction. A failure to perform work on any construction in a good and workmanlike manner affords the owner a cause of action immediately. The stranger has no cause of action for faulty construction until he suffers damage to his own interest.

■ The exception in the statute makes inapplicable the seven-year limitation period against the original owner, and it allows others to sue him for his torts, if any, within the regular statutes of limitations after the cause accrues. It prevents the owner as well as all others from suing the designer, planner, supervisor or contractor

1. 306 A.2d 771 (N.H.1973).

after seven years from completion of the project.

We think that this interpretation makes more sense than to allow the original owner the right to sue after seven years but to deny a stranger that right. This is especially true since the owner or tenant in possession and control is in a far better position to discover the defect, if any there be, than is the stranger.

The view is sustained by the case of Salesian Society v. Formigli Corporation.[2]

The plaintiffs further rely upon the Utah case of Christiansen v. Rees,[3] wherein this court held that in the case of a doctor-patient relationship a patient's cause of action for malpractice against his doctor did not accrue when the doctor negligently left a needle in the patient's body, but only when the patient learned or should have learned of the fact. The confidential relationship between doctor and patient is different from that between contractors and home owners; but even if it were the same, a different question would have been posed had the statute provided that "no action can be maintained against a doctor for malpractice after ·the expiration of seven years from the date of the operation."

■ The plaintiffs also attack the constitutionality of the statute, but the claim is without merit.

The judgment of the trial court is sustained. Costs are awarded to the respondents.

CALLISTER, C. J., and HENRIOD and TUCKETT, JJ., concur.

CROCKETT, Justice (concurring, with reservation):

I concur, except as to the comment on the case of Deschamps v. Camp Dresser & McKee, Inc. (footnote 1, main opinion).