George JACKSON and Jean Jackson, his wife, Plaintiffs and Appellants,

v.

LAYTON CITY, a municipal corporation, and John Does 1–10, Defendants and Respondents.

No. 20055.

Supreme Court of Utah.

Sept. 23, 1987.

Robert A. Bentley, Salt Lake City, for plaintiffs and appellants.

Allan L. Larson, Salt Lake City, for defendants and respondents.

STEWART, Associate Chief Justice:

This case is an action for personal injuries. The plaintiffs, the Jacksons, appeal an adverse summary judgment that held their actions were barred because they were not filed within the one-year limitation period under the Utah Governmental Immunity Act, Utah Code Ann. § 63–30–15 (1978),[1] or within the four-year residual limitation period contained in § 78–12–25(2),[2] or within the seven-year limitation period of § 78–12–25.5, which begins running from a different date than the other two provisions. We affirm.

On February 5, 1979, the Jacksons went to the Layton sleigh riding and tubing hill. Layton City planned and constructed the tubing hill and thereafter operated it as the owner of the premises. The Jacksons paid fees and were riding down a hill together on a tube when they struck a metal pole. Jean Jackson suffered serious personal injuries. On April 7, 1979, the Jacksons filed a notice of claim against Layton City for losses incurred as a result of the injuries. The claim was neither formally granted nor denied. On August 14, 1983, some four years and six months after the accident, the Jacksons filed the complaint in this case.

The Jacksons claim on appeal that the one-year limitation period of the Utah Governmental Immunity Act and the four-year statute of limitation of § 78–12–25(2), which applies in general to negligently caused personal injuries, are inapplicable in barring their action. They argue that the seven-year period of limitation contained in § 78–12–25.5, which applies to injuries caused by defective or unsafe improvements to real property, is applicable and that their action was commenced within that period and is therefore not barred.

Layton City concedes that the one-year limitation is inapplicable, but argues that both the four-year statute and the seven-year statute bar the Jacksons' actions. If the four-year statute of limitation applies, the Jacksons' actions are clearly barred. Therefore, if the Jacksons are to recover, it is the seven-year statute of limitation that must govern.

Section 78–12–25.5 provides in part as follows:

No action to recover damages for any injury to property, real or personal, or for any injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than seven years after the completion of construction.

    . . . .

(2) Completion of construction for the purposes of this act shall mean the date of issuance of the certificate of substantial completion by the owner, architect, engineer or other agents, or the date of the owner's use or possession of the improvement on real property.

The limitation imposed by this provision shall not apply to any person in actual possession or control as owner, tenant or otherwise, of the improvement at the time of the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action.

1. Prior to 1983, § 63–30–15 read as follows: If the claim is denied, a claimant may institute an action in the district court against the governmental entity in those circumstances where immunity from suit has been waived as in this act provided. Said action must be commenced within one year after denial or the denial period as specified herein. Utah Code Ann. § 63–30–15 (1978).

2. Utah Code Ann. § 78–12–25(2) (1977) provides that "action[s] for relief not otherwise provided for by law" must be brought within four years.

██ Layton City planned and constructed the improvements and was also the owner in possession at the time of the accident. The issue is whether the seven-year statute of limitation applies at all to any owners in possession. The Jacksons argue that the seven-year period of limitation should apply to Layton City because, even though it was the owner in possession, it was also the planner and builder of the improvements. They assert that the exclusion from the seven-year period in subsection (2) of owners in possession only applies to the completion of construction language in that subsection and not to the seven-year period established by the statute. Thus, they conclude that § 78–12–25.5 creates a seven-year period for the filing of an action against an owner for an injury caused by a defective improvement. The argument strains the language of the statute beyond reason and beyond the plain meaning of the provision.

██ Furthermore, *Good v. Christensen*, 527 P.2d 223 (Utah 1974), held that the seven-year limitation period of § 78–12–25.5 is inapplicable to suits against owners and that owners must be sued for personal injuries within the regular statutes of limitation after a cause of action accrues. *Id.* at 224. Therefore, if the seven-year statutory period applies, it must apply to Layton City as the improver of the property.

The district court held that since construction of the tubing hill had been completed for over seven years before the Jacksons filed their complaint, § 78–12–25.5 barred the action. To reach this conclusion, the court relied upon the affidavit of James Woodward, parks foreman for Layton City at the time the tubing hill was improved. He stated:

3. That [affiant] was personally and actively involved in the planning and construction of that facility known commonly as the Layton Sleighriding and Tubing Hill, which consisted, in part, of a graded hill and rope-tow to be used for activities such as sleighriding or tubing during the winter months.

4. That [he] was personally involved in the grading and improvements on the hillside, and the installation of the rope-tow and all related equipment and objects, including signs, poles and posts. That the grading of the hill, the installation of the rope-tow, and the installation of all related equipment, including signs, poles and posts, and all construction and improvements to the real property, was completed and all facilities installed and operational prior to Thanksgiving of the year 1974, i.e., November 28, 1974.

Because this affidavit was not disputed, the court ruled that the action should have been commenced by November, 1981, to comply with the terms of the seven-year period under § 78–12–25.5.

██ The Jacksons argue that summary judgment was erroneously granted because it came before they were able to conduct discovery to independently investigate the completion date. Mr. Woodward's affidavit does not state that the specific pole the Jacksons struck was installed as of November 28, 1974, but it does state that "all" "poles and posts" were installed by then. The Johnsons argue, nevertheless, that the pole was possibly part of a later installation, renovation, or addition which they assert would extend the completion date for the purposes of the statute. They ask this Court to reverse the summary judgment ruling to allow them to conduct discovery of their own. The issue is not properly raised. The Jacksons did not seek a continuance of the summary judgment proceedings pursuant to Utah R.Civ.P. 56(f) in the trial court.[3] The Jacksons do not allege that they were precluded from filing a Rule 56(f) affidavit. Accordingly, we do not consider the argument. Mr. Woodward's affidavit, therefore, stands uncontroverted.

---

3. Utah R.Civ.P. 56(f) reads as follows:
   *When affidavits are unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

■ The Jacksons next argue that a discovery rule should be read into § 78–12–25.5. The discovery doctrine is inapposite. The defect, if it was such, was patent, and there was no injury inflicted that was unknown at the time of its infliction. Mrs. Jackson was well aware of the collision. *See Foil v. Ballinger*, 601 P.2d 144 (Utah 1979).

■ On oral argument before this Court, the constitutionality of § 78–12–25.5 was attacked because it can bar an action before the events giving rise to the cause of action actually occur. In *Berry v. Beech Aircraft Corp.*, 717 P.2d 670 (Utah 1985), we held a statute of repose unconstitutional under Article I, section 11 of the Utah Constitution because it barred an injured person from ever asserting a remedy "by due course of law" for vindication of a constitutional interest.[4] However, the Jacksons had an effective remedy against Layton City as owner in possession of the property that could have been filed within four years from the date of the injury. They cannot invoke *Berry* to excuse them from their own dilatory conduct.

Accordingly, the trial court properly entered summary judgment because the Jacksons' complaint was untimely under either the four-year or the seven-year statute of limitation.

Affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Justice (concurring):

I concur, but write to point out that Utah Code Ann. § 78–12–25(2), providing a four-year limitation on actions for personal injuries founded on negligence, applies to this action against Layton City, both in its capacity as the owner of the facility and also in its capacity as the planner, designer, and builder of the facility. The seven-year period of repose prescribed by section 78–12–

25.5 has no impact on actions brought by third persons against the owner. This is because of the exclusion in the statute which reads, "The limitation imposed by this provision shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement...." *Good v. Christensen*, 527 P.2d 223, 224 (Utah 1974). A cause of action for personal injury generally accrues when the accident occurs, and the four-year statute of limitations begins to run at that time on any action against the owner.

In contrast, when an action for personal injuries is brought by a third person against a designer, planner, or builder of an improvement, the four-year statute of limitations also commences to run on the date of the accident unless seven years have expired since the completion of the construction of the improvement. In that event, section 78–12–25.5 provides that the third person has no cause of action at all against the designer, planner, or builder. However, if any part of the seven-year period remains at the time the accident occurs, the injured third person has the remainder of the seven-year period, but not to exceed four years, to bring his action for personal injuries. In other words, the seven-year statute provides the outer limit, but within that time frame the four-year statute operates. *O'Connor v. Altus*, 67 N.J. 106, 335 A.2d 545 (1975); Annot., 93 A.L. R.3d 1242, 1268 (1979).

---

4. Article I, section 11 reads as follows:
    All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be adminis-

tered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.