Argued February 10, affirmed February 29, 1916:

# BAMFORD v. VAN EMON ELEVATOR CO.*

(155 Pac. 373.)

**Judgment—Pleading—Recovery.**

1. A plaintiff can recover only on the ground of the negligence alleged in the complaint.

**Negligence—Personal Injuries—Liability of Elevator Manufacturer.**

2. The manufacturer of an elevator was liable to one injured by reason of defects while riding thereon after delivery to the purchaser only if such elevator was defective in original construction or installation.

**Negligence — Personal Injuries Against Elevator Manufacturer — Instruction—Propriety Under Pleading.**

3. In suit by a passenger on an elevator against the elevator manufacturer, where the plaintiff alleged that at the time of the accident the elevator was defective, and that it was negligently operated by the manufacturer's servant in charge, there being no dispute but

*On the liability of manufacturer, packer or vender to persons not in privity of contract for injuries from defects in article sold, see notes in 19 L. R. A. (N. S.) 923; 48 L. R. A. (N. S.) 213.

REPORTER.

that, as between the owner of the building and the elevator company, the apparatus had been completed and accepted before the accident, and was being used by the tenant for its own purposes, the court properly excluded faulty construction as an element of the liability of the elevator company.

### Negligence—Personal Injuries—Elevator—Liability of Manufacturer.

4. An elevator company whose elevator had been completed and accepted and was being used by the tenant of the building for its own purposes before a passenger was injured thereon by reason of defects arising after acceptance was not liable for such injuries.

### Negligence—Injuries on Elevator—Action—Instruction.

5. In an action for injuries against an elevator company which installed an elevator in a building, and thereafter, by contract with the tenant, became responsible for the operation of the car, an instruction that, if the jury found that the accident was not caused by the act of its employee or the operator of the elevator, verdict should be for the elevator company, was proper as fairly submitting the issue against the company on the only fault imputable to it under the evidence that the elevator had been accepted by the tenant before the accident and the pleadings that the accident was caused by the lack of skill of the elevator company's operator.

### Negligence—Injuries on Elevator—Action—Instruction.

6. In an action against an elevator company which installed an elevator for injuries to a passenger after acceptance of the apparatus by the tenant of the building, the company having contracted to operate the elevator, where the evidence was undisputed that the elevator had been accepted by the tenant before the accident and was being used for its own purposes, while the plaintiff pleaded that the accident was caused by the negligence of the elevator company's operator, instructions that such company was not responsible for defects in the ways, means, tools or appliances used by its employee in operating the elevator were proper.

[As to liability of proprietor of elevator for injuries to person other than passenger, see note in **Ann. Cas.** 1914B, 373.]

From Multnomah: HENRY E. McGINN, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

This is an action by Lela F. Bamford against the Van Emon Elevator Company, a corporation, Multnomah Security Company, a corporation, Broadway Realty Company, a corporation, R. M. Gray and Harry E. Wood, to recover damages for personal injuries.

It is alleged in the complaint concerning the Van Emon Elevator Company, defendant, that on the day of the accident complained of, September 15, 1913, it

was operating the passenger elevators in the Broadway Building, in Portland, by virtue of a contract and agreement with all the other defendants, who are thus described: The Multnomah Security Company is the owner in fee of the building; Gray is the lessee of the owner; Wood the sublessee of Gray; and the Broadway Realty Company the assignee of Wood. In the eighth paragraph the complaint avers:

"That the defendants have installed and maintain and operate the said elevators in said building for the use of the tenants of the several offices therein, and the public, in coming and going to and from the said several offices in said building."

The plaintiff says, in substance, that on the day mentioned she entered one of those elevators at the ground floor for the purpose of going to the office of a dentist on the fifth floor; that when she started to alight at her destination the elevator was stopped by the operator so that the floor thereof was on a level with that of the corridor, and after he had opened the door, and while she was in the act of stepping from the elevator, it suddenly and without warning dropped about six inches with a jerk, whereby she was thrown to the floor of the corridor breaking her arm. It is charged that at the time the elevator was defective in certain particulars. The accusation against the Van Emon Elevator Company is contained in these excerpts of the complaint:

"That the operator of said elevator, an employee of the Van Emon Elevator Company, was inexperienced, unskilled and unfit to perform the duties of an operator of said elevator; that the said operator did not understand the mechanism of said elevator, was not experienced in the use thereof, and because of his unfitness and lack of skill the operator of said elevator did not hold said elevator in position on the fifth floor of said building, but carelessly and negligently permitted and

allowed the elevator to drop and fall while plaintiff was in the act of alighting from said elevator, causing her the injuries herein set out.

"That the said operator of said elevator, who at the time was an employee of the Van Emon Elevator Company, carelessly and negligently operated said elevator, and carelessly and negligently failed and neglected to hold the same while plaintiff was alighting therefrom, and because of his careless and negligent failure to hold the said elevator in place, the same fell while plaintiff was in the act of alighting therefrom, and caused her the injuries herein set out."

The Van Emon Elevator Company answered denying all the allegations of the complaint, except as admitted in its affirmative answer. It stated that the only connection it had with the elevator was by virtue of a proposition made by it to the Broadway Realty Company and accepted by the latter as here set out:

"Van Emon Elevator Company.
"Portland, Oregon, Sept. 2, 1913.
"The Broadway Realty Company, Broadway Building, Portland, Oregon.

"Gentlemen: In consideration of your paying to us the sum of one hundred dollars ($100.00) per month on the last day of each and every month for a period not to exceed three months, the Van Emon Elevator Company will agree to furnish two competent elevator operators for the two passenger elevator cars operating in the Broadway Building, and you will furnish the services of your janitor free of charge for two hours each day between 12 M. and 2 o'clock P. M. It is understood that these operators will at once be discharged and others employed in their places if they should prove offensive to the Broadway Realty Company or its tenants. It is further understood that this contract may be terminated on one week's notice, at the will of either party.

"[Signed]   VAN EMON ELEVATOR COMPANY,
"W. F. PATTON,
"Secretary.

"Accepted and confirmed by the Broadway Realty Company.

"HARRY E. WOOD,
"President."

It says it furnished the two operators as employees of the Broadway Realty Company, that the elevators were in good condition, and that the plaintiff's injury was caused by her negligence in stepping out of the car. The new matter is challenged by the reply. The court dismissed the action as to all the defendants except the Van Emon Elevator Company and the Broadway Realty Company, and a jury trial resulted in a verdict and judgment in their favor. On appeal by the plaintiff she assigns as error the giving of the following instructions to the jury:

"(1) If you find from the evidence that the accident complained of was not caused by the act of an employee or the operator of the elevator, then your verdict should be in favor of the Van Emon Elevator Company.

"(2) If you find from the evidence that the accident occurred as set out and described in plaintiff's complaint, and that said accident was caused by a defect in the ways and means, tools or appliances used by the employee operating the said elevator, then your verdict should be in favor of the Van Emon Elevator Company.

"(3) The faulty construction of the elevator, or if the elevator had become defective, cannot be charged against the Van Emon Elevator people."

AFFIRMED.

For appellant there was a brief over the names of *Mr. Hayward H. Riddell* and *Mr. H. Daniel,* with an oral argument by *Mr. Riddell.*

For respondents there was a brief over the name of *Messrs. Sheppard & Brock,* with an oral argument by *Mr. C. A. Sheppard.*

Mr. Justice Burnett delivered the opinion of the court.

1. On the appeal the contest is waged between the plaintiff and the Van Emon Elevator Company. It is a principle laid down in *Knahtla* v. *Oregon Short Line Ry. Co.*, 21 Or. 136 (27 Pac. 91), and followed to the present day, that a plaintiff can recover only on the ground of negligence alleged in the complaint. It will be observed that carelessness of operation is attributed to the Van Emon Elevator Company. The complaint does not state that the machinery in question was defective when installed in the building. On the other hand, as noted above, it describes the injury as happening on September 15, 1913, and goes on to say in the twelfth paragraph "that the said elevator was at said time defective."

At the argument the whole effort of the plaintiff was to apply the doctrine taught by some authorities as exceptions to the general principle to the effect that, where one knowing the purpose to which it is to be devoted erects an inherently dangerous structure, he is liable to whosoever may be injured thereby when rightfully employed in the ordinary use of the same. A very well-considered case cited by the plaintiff on that subject is *Huset* v. *J. I. Case Threshing Machine Co.*, 120 Fed. 865 (57 C. C. A. 237, 61 L. R. A. 303), in which the opinion was written by Judge Sanborn. It was there stated, in substance, that the general rule is that a contractor, manufacturer or vender is not liable to third parties who have no contractual relation to him for negligence in the construction, manufacture or sale of the articles he handles. The learned jurist points out three exceptions: The first is where the manufacture of foods and poisons is involved in which the person making them is liable to anyone who

is injured by his negligence irrespective of any contract; the second is where the manufacturing owner invites the use of a defective machine by the person injured; and the third is where he makes and sells an article or machine necessarily dangerous without giving notice of the danger. The principle included in the third exception was involved in the case of *Peterson* v. *Standard Oil Co.*, 55 Or. 511 (106 Pac. 337, Ann. Cas. 1912A, 625), where the defendant was held liable to a housekeeper who was injured by an explosion of distillate sold by it in a drum labeled "Water White Oil," warranted by the label not to burn under 120 degrees Fahrenheit, open-fire test. The injured woman was the employee of one who purchased from the merchant to whom the defendant sold the article under the false label; yet her administrator was allowed to recover from the company which first started the dangerous substance into the channels of trade under the wrong designation.

2–6. This, however, is not the charge against the Van Emon Elevator Company. Taking the plaintiff at her word, the machinery was defective on the day of the accident. It is not charged that there was any fault in its original construction or installation, and such a state of facts must be pleaded and proven if the builder is to be held liable for injuries happening after delivery of the elevator. Moreover, as a question of fact, there is no dispute in the testimony but that as between the owner of the building and the elevator company, the elevator had been completed and accepted before the accident, and was being used by the tenant for its own purposes. It is plain that under such an uncontroverted state of the evidence the court was right in excluding faulty construction as an element of the liability of the Van Emon Elevator Com-

79 Or.—26

pany; for it could not be blamed for defects that happened after it completed its undertaking and delivered the machine, although it afterward returned and undertook its operation under contract therefor. Without so deciding, but giving to its offer and the acceptance by the realty company above quoted the construction most favorable to the plaintiff, to the effect that it made the elevator company responsible for the operation of the car, the first instruction complained of fairly submits to the jury the issue against the elevator company on the only fault imputable to it under the evidence taken in connection with the pleadings. It is consequently a just statement in that respect to say to the jury that, if they found the accident was not caused by the act of an employee or the operation of the elevator, the verdict should be in favor of the elevator company; for that covered the only charge remaining against that defendant. On the same principle the other two instructions were correct in stating that the elevator company was not responsible, and could not be charged with defects in the ways, means, tools or appliances used by the employee in operating the elevator.

Finding no error, the judgment is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN absent.