Levine, Respondent, vs. Mueller, imp., Appellant.

*April 29—June 11, 1930.*

634

For the appellant there was a brief by *Wm. A. Schroeder* and *Jacob S. Rothstein,* and oral argument by *Mr. Rothstein* and *Mr. Nicholas T. Leipzig,* all of Milwaukee.

For the respondent there was a brief by *A. L. Skolnik,* attorney, and *S. G. Skolnik,* of counsel, both of Milwaukee, and oral argument by *A. L. Skolnik.*

STEVENS, J.  Plaintiff fully performed the service of a real-estate broker when he procured a purchaser ready, able, and willing to purchase the property for the price agreed upon by the parties.  In procuring this purchaser he relied upon the statement of Mr. Oberst as to the size of the lot, as he had a right to do, because the defendant Mueller had referred him to Mr. Oberst as the one who would give him all information as to the property.  It was the misrepresentation of Mr. Oberst, and not any act or default on the part of the plaintiff, that prevented the completion of the sale. Plaintiff should not be denied recovery merely because he relied upon the statement made by the one to whom defendant Mueller referred him for information as to the property.

The contract in question is not one which provides for the payment for services to be performed in the future, but one which obligates defendant Mueller to pay an agreed sum in consideration of services performed before the agreement was signed.  The note was given the plaintiff

more than eight months before the case of *Hale v. Kreisel,* 194 Wis. 271, 215 N. W. 227, was decided. At the time the service was rendered and the writing here in question signed, the plaintiff could have recovered upon *quantum meruit* upon the implied contract to pay for services rendered at the request of defendant Mueller and of his agent Oberst, under the interpretation given sec. 240.10 of the Statutes in *Seifert v. Dirk,* 175 Wis. 220, 184 N. W. 698.

"Had the plaintiff sued for his commission at the time the note was given he could have recovered judgment. The performance of the services and the foregoing of the right to collect at the time the note was given constituted good consideration for the note. The right to recover for services rendered was a right vested in the plaintiff which was not taken away by the subsequent change in the interpretation of sec. 240.10. *Nickoll v. Racine C. & S. Co.* 194 Wis. 298, 216 N. W. 502, 504." *Harris v. Petersen,* 196 Wis. 310, 312, 220 N. W. 174.

The pleadings do not present any issue of negligence on the part of the plaintiff. That issue was not litigated in the trial court and will not be considered here.

*By the Court.*—Judgment affirmed.