Mrs. Marion E. CARTER, Individually and as Administratrix of the Estate of Steven Ira Carter, Deceased *v.* R. E. HARTENSTEIN, d/b/a Hartenstein Elevator Company et al

5-5315                                              455 S. W. 2d 918

Opinion delivered June 22, 1970
[Rehearing denied August 3, 1970.]

*Teague, Bramhall & Davis,* for appellant.

*John M. Lofton, Jr., Wright, Lindsey & Jennings* and *Rose, Barron, Nash, Williamson, Carroll & Clay,* for appellees.

*Smith, Williams, Friday & Bowen* and *Moses, McClellan, Arnold, Owen & McDermott,* amici curiae.

ROY PENIX, Special Chief Justice. Steven Ira Carter, a 14 year old newspaper boy, was crushed to death February 8, 1968, while attempting to use an elevator installed in the Justice Building on the State Capitol Grounds in Little Rock. The youth's mother, Mrs. Marion E. Carter, as administratrix, brought this suit under the wrongful death act against R. E. Hartenstein, d/b/a Hartenstein Elevator Company, who manufactured and installed the elevator, alleging liability because of the manner in which the elevator had been constructed and installed.

Hartenstein answered and brought in as third-party defendants, Erhart, Eichenbaum, Rauch & Blass, the architects who designed the Justice Building, and D. A. Harmon, d/b/a Harmon Construction Company, the contractor who built the elevator shaft. Mrs. Carter amended her complaint and pleaded over against the architects and the contractor.

All defendants raised as their defense Ark. Stat. Ann. § 37-237 thru 37-244 (Repl. 1962) which is Act 42 of the General Assembly of 1967. The pertinent statute is § 37-238:

"Personal injury or wrongful death—Four-year limitation.—No action in tort or contract (whether oral or written, sealed or unsealed) to recover damages for personal injury or wrongful death caused by any deficiency in the design, planning, supervision or observation of construction or the construction and repairing of any improvement to real property shall be brought against any person

performing or furnishing the design, planning, supervision or observation of construction or the construction and repair of such improvement more than four (4) years after substantial completion of same."

The parties stipulated that the Justice Building was substantially completed in the year 1958. Thereafter, the defendants all moved for a summary judgment. The Circuit Court granted summary judgment, finding that the cause of action was barred by § 37-238.

The sole issue before this court is the constitutionality of § 37-237 et seq. (Act. 42). The appellant contends the statute violates the Arkansas Constitution, Article 2, Sections 13 and 18; Article 5, Section 25; and Amendment 14, as well as the United States Constitution, Amendment 14, Section 1.

Appellant asserts the statute violates due process; is discriminatory, contravenes equal protection of the laws, and is local and special legislation.

The question raised is whether the legislature was arbitrary or capricious in granting this immunity from suit four years after substantial completion of construction to those enumerated in the statute without giving such protection to others such as materialmen and owners, whom appellant claims belong to the same class as those exempted.

This Statute, whether it be one of "vested right" and a means of remedy and recovery, or whether it be characterized as a "statute of limitations", is largely a question of semantics and manipulation of legal theory. The true issue is whether it is fair and reasonable and an appropriate action by the General Assembly of the State of Arkansas, or whether it impinges and frustrates basic rights guaranteed constitutionally. The court cannot—and it should not try to—make legislative policy in a case like this, but only protect essential and basic rights when they are infringed.

This Act only cuts off action after four years. But, even then, if an accident or injury occurs before the expiration of that four year period, it may still be brought within an additional 12 months against those furnishing the design, planning, supervision or observation of construction, or the construction and repairing of any improvement to real property. All of the defendants in this action are within this definition. However, it does not include owners of buildings or materialmen who are not otherwise involved*. Such materialmen and the owners of buildings or structures who are in sole control of premises after completion of the work are *not* similarly situated with the defendants in this case. They are not in the same class with those described in the act. Particularly is this true after construction is *substantially completed* and accepted by the owners. Part of acceptance is to accept some future responsibility for the condition of the premises.

Other similar limitation acts are only analogous, but we derive some knowledge and benefit from their application and use. The basic limitation for torts is three years (Ark. Stat. § 37-206); malpractice against professionals two years (Ark. Stat. § 37-205), and against banks three years (Ark. Stat. § 85-4-406). Of course, it may be that under tort and malpractice actions, limitations might only begin to run from the time of the accident or discovery, but this is not true in respect to banks and we have found no authority to overturn that three-year period. See, *Bamford* v. *Van Emon Elevator Company*, 79 Oregon 395, 155 Pacific 373, (1916). *Kakargo* v. *Grange Silo Company*, 204 N. Y. Supp. 2d, (1960). These acts have been consistently upheld.

We have carefully considered *Skinner* v. *Anderson*, 38 Ill. 2d 455, 231 NE 2d 588 (1967), concerning this appeal. In all deference and in respect to the decision by the Supreme Court of Illinois, we cannot apply its reasoning to this case. That court held the Illinois Statute, there challenged, to be discriminatory against

---

*A materialman who designs a component or substantial part of a building could be otherwise involved and within the statute.

others similarly situated. The Arkansas Statute, as we view it, does not do this. The Illinois Constitution, (specifically Section 22 of Article IV) enumerates classes and creates a different problem. Further, a vital distinction, nonetheless, exists between owners or suppliers and those engaged in the professions and occupations of design and building. This is not arbitrary or unreasonable. It is a legitimate and practical exercise of the legislative function.

To say that there can be no limitation in perpetuity against a designer or erector of a structure would be in effect to discriminate against professional builders and designers. Whether three years, four years of five years—or more or less— is the correct or appropriate period, should not and cannot be the concern of the judiciary. We only must determine whether the legislature has acted reasonably in respect to their mandate from the people as set out in the Constitution.

This case has nothing to do, as presented, with questions of concealed defects, imminently and inherently dangerous, or prospective liability. See *Frumer and Friedman,* Products Liability, 1967, Chap. 12, Secs. 39.01, 39.02 and 40.01 (2); and Prosser, *The Fall of the Citadel,* 50 Minn. L. Rev. 791 (1960). Also see generally: Anderson, *Special and Local Acts in Arkansas,* 3 Ark. L. Rev. 113 (1949) and Comment, 18 Cath. U. L. Rev. 361.

Almost every statute or law serves to work for some and against others. Here, we simply do not view this enactment as granting special privileges and immunities. Our opinion is that Act 42 is valid, reasonable, constitutional and not enacted for arbitrary or capricious reasons. We think the legislature was entirely within its constitutional right in passing such statute.

Affirmed.

HARRIS, C. J., not participating.