SCHOOLCRAFT COUNTY BOARD OF COMMISSIONERS v
SCHOOLCRAFT MEMORIAL HOSPITAL BOARD OF TRUSTEES

1. STATUTES—INTERPRETATION—INTENT OF LEGISLATURE—LANGUAGE
   OF ACT—SCOPE—SUBJECT MATTER—PRECEDING STATUTES—HIS-
   TORY.

   A court in determining the intent of the Legislature in enacting a
   statute must examine the language of the statute itself, the
   subject matter under consideration, the scope and purpose of
   the statute, and other statutes which may have preceded it or
   which relate to the same subject; the statute should be so
   construed that all of its provisions are rendered harmonious
   and recourse may be had to the history of the legislation upon
   the subject matter of the act.

2. HOSPITALS—CHIEF EXECUTIVE OFFICERS—BOARD OF TRUSTEES—SUB-
   SEQUENT BOARDS—RESIGNATION OF OFFICERS—APPOINTMENTS—
   STATUTES.

   The intent of the Legislature in requiring the appointment of the
   chief executive officer of a county hospital to the initial hospital
   board of trustees was to also require that officer's appointment
   to any subsequent board of trustees for that hospital, therefore
   the appointment to the hospital board of a subsequent chief
   executive officer is mandatory when a vacancy is created by the
   resignation of the former chief executive officer (MCLA 331.153;
   MSA 14.1133).

Appeal from Schoolcraft, Donald L. Munro, J.
Submitted March 2, 1976, at Grand Rapids.
(Docket No. 25283.) Decided April 27, 1976. Leave
to appeal denied, 397 Mich 838.

Complaint by the Schoolcraft County Board of
Commissioners against the Schoolcraft Memorial
Hospital Board of Trustees seeking a declaratory
judgment affirming its choice of one of its own

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Statutes §§ 147 *et seq.,* 194 *et seq.,* 272–275.

members to fill a vacancy on the defendant board. Judgment for plaintiff in part. Defendant appeals. Affirmed in part, reversed in part.

*Gifford D. Smith,* Prosecuting Attorney, for plaintiff.

*Patrick B. Kelly,* for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK and ALLEN, JJ.

PER CURIAM. The origin of this suit stems from a vacancy on the Schoolcraft Memorial Hospital Board of Trustees [hereinafter defendant] created by the resignation of the hospital's chief executive and board member. Plaintiff, Schoolcraft County Board of Commissioners, sought to appoint one of its members to the defendant board. Defendant insisted that plaintiff should appoint to the hospital board the new chief executive of the hospital. Plaintiff brought this declaratory judgment action to resolve the dispute. The lower court ruled that although plaintiff could not appoint one of its own members to the defendant board, it was not required by statute to appoint the new chief executive. This appeal followed.

The issue is whether statutory law required continuous appointment of the chief executive officer of a county hospital to the hospital board of trustees.[1] The involved statute provides:

"If a majority of all the votes cast upon the question are in favor of establishing a county public hospital, the

[1] Plaintiff effectively concedes, and the Court agrees, that the lower court correctly determined that a member of the county board of commissioners may not simultaneously be a member of the county hospital board of trustees. MCLA 46.30a; MSA 5.353(1), MCLA 331.154; MSA 14.1134.

board of commissioners shall proceed at once to appoint 9 trustees chosen from the citizens at large of the county with reference to their fitness to such office, 1 of whom shall be the chief executive officer of the hospital and not more than 3 of whom may be licensed physicians, who shall constitute a board of trustees for the public hospital. The trustees shall hold their offices until the end of the next following calendar year. In September, prior to the expiration of their terms of office, the board of trustees shall submit to the board of commissioners the names of not more than 2 qualified candidates for each appointment or reappointment. The board of commissioners, at its October meeting, shall appoint for terms commencing next January 1, 3 trustees for 2 years, 3 trustees for 4 years and 3 trustees for 6 years. As terms expire thereafter appointments shall be made for 6 years in the same manner. Appointments to unexpired terms shall be made in the same manner. All appointments and reappointments shall meet general eligibility qualifications hereinbefore stated." MCLA 331.153; MSA 14.1133.

Plaintiff and the lower court take the position that the statute requires a county board of commissioners to appoint the chief executive officer of a county hospital to the initial hospital board of trustees but does not dictate that the board of commissioners appoint the chief executive to any subsequent board of trustees. Defendant asserts that the statute makes no such distinction between the initial and subsequent boards, and that the history and language of the statute manifest a legislative intent that the chief executive must be appointed to any and all boards.

Each respective position of the litigants is not without some foundation and it is the Court's function to determine what the Legislature truly intended. *Aikens v Department of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972), *Kizer v Livingston County Board of Commissioners,* 38

Mich App 239; 195 NW2d 884 (1972). As stated by our Supreme Court in *In re School District No. 6, Paris and Wyoming Townships, Kent County,* 284 Mich 132, 143–144; 278 NW 792 (1938):

> "That intention is to be drawn from an examination of the language of the act itself, the subject matter under consideration, and the scope and purpose of the act. It is necessary to consider other statutes which may have preceded it or which relate to the same subject. The act should be so construed that all of its provisions may be rendered harmonious and recourse may be had to the history of the legislation upon the subject matter of the act."

The statute places authority with the county board of commissioners to appoint and reappoint members to a county hospital board of trustees. However, it is evident that the statute places certain limits on the board of commissioners respecting the initial selection of members to a county hospital board. First, all members must be citizens of the involved county. Secondly, all must be fit to hold office. Thirdly, no more than three members may be licensed physicians. Finally, one member "shall be the chief executive officer of the hospital * * * ". The issue thus becomes whether the Legislature intended that these requirements should apply to subsequent boards of trustees.

We conclude that it did. It is true that the above requirements are not expressly repeated in other parts of the statute, particularly the part relating to subsequent appointments.[2] However, the last sentence of the subject provision reads that "all appointments and reappointments shall meet gen-

---

[2] We agree with plaintiff that punctuation can be significant in ascertaining the meaning of a statute, but find such not to be controlling in the case. Nor do we perceive any policy considerations being jeopardized by our decision.

eral eligibility qualifications hereinbefore stated
* * * ". This Court believes that when the Legisla-
ture referred to "general eligibility qualifications
hereinbefore stated" it was speaking of the re-
quirements set forth in the first sentence of the
statute. In other words, the county board of com-
missioners may not appoint an individual to any
board who is not a citizen of the involved county.
Nor may the commissioners appoint more than
three licensed physicians to any board. By the
same token, the commissioners must appoint the
present chief executive officer to fill the vacancy
created by the resignation of the former chief
executive officer. This view is further supported by
the history of this legislation. From its original
enactment in 1913[3] until amended in 1971,[4] the
instant law contained a clause which expressly
prohibited practicing physicians from being elected
to the board of trustees of a county hospital. We
find it inconceivable that the Legislature intended
to permit the county board of commissioners to
appoint an unlimited number of physicians to any
board other than the initial board, after having
explicitly barred physicians from membership for
such an extended period of time. Clearly, the
Legislature intended that the maximum of three
physicians should apply to any board, be it the
first or subsequent boards. It follows that the
provision for mandatory inclusion of the chief
executive officer on the first board, found in the
same sentence which limits member physicians,
applies to all boards as well. The trial court erred
in ruling that plaintiff is not required to appoint
the present chief executive officer of the School-
craft Memorial Hospital to the board of trustees.

[3] 1913 PA 350.
[4] 1971 PA 167.

However, as noted earlier, the trial court was correct in determining that the vacant position could not be filled by a member of the County Board of Commissioners.

Affirmed in part, reversed in part. No costs, neither party having prevailed in full and a public question being involved.