BOUSER v CITY OF LINCOLN PARK

Docket No. 77-1410. Submitted January 3, 1978, at Detroit.—Decided
   May 9, 1978. Leave to appeal granted, 403 Mich 828.

An action by Margaret Bouser and William Bouser against the
   City of Lincoln Park, G. A. Morrison Company and Pate, Hirn
   and Bogue, Inc., for damages for personal injuries suffered by
   Margaret Bouser when she tripped on a curb constructed
   higher than the adjoining sidewalk. The sidewalk and curb had
   been designed by Pate, Hirn and Bogue, Inc., and constructed
   by G. A. Morrison Company for the city. A motion by Pate,
   Hirn & Bogue, Inc., for accelerated judgment was granted, as to
   that defendant only, Wayne Circuit Court, John M. Wise, J.,
   based on the statute which establishes a six-year period of
   limitations for personal injury claims arising from the perform-
   ance, furnishing of designs or supervision of construction by
   registered engineers and licensed architects. The construction
   in question had taken place more than ten years prior to the
   commencement of the personal injury action. Plaintiffs appeal.
   *Held:*

The statute relied on by the trial court is a statute of
   abrogation, not one of limitation and is constitutional as ap-
   plied to the plaintiffs' claim. Therefore, the trial court's grant
   of accelerated judgment for defendant Pate, Hirn & Bogue, Inc.,
   was proper.

Affirmed.

N. J. KAUFMAN, J., concurred.

Application of the statute to the facts of the case at bar
   raised no question of equal protection. Had such questions been
   raised by this case, the statute should have been declared
   unconstitutional.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 181, 185.
[2] 51 Am Jur 2d, Limitation of Actions §§ 31–43.
   73 Am Jur 2d, Statutes § 199.
[3] 51 Am Jur 2d, Limitation of Actions § 13 *et seq.*
   73 Am Jur 2d, Statutes § 181.
[4] 73 Am Jur 2d, Statutes §§ 155–160, 194, 195, 275.
[5] 16 Am Jur 2d, Constitutional Law §§ 538, 539.

OPINION OF THE COURT

1. STATES—STATE LEGISLATURE—ABOLISHMENT OF CAUSE OF ACTION—
   CONSTITUTIONAL LAW—STATUTES OF ABROGATION.

   The Legislature has the authority to abolish a cause of action
   which has not accrued; statutes enacted pursuant to this au-
   thority are statutes of abrogation (Const 1963, art 3, § 7).

2. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—STATUTES OF
   ABROGATION.

   A key factor to consider in determining whether a statute barring
   a cause of action after the lapse of a specific time period is one
   of limitation or abrogation is the legislative intent underlying
   the enactment of the statute.

3. LIMITATION OF ACTIONS—STATUTES OF ABROGATION—STATE LI-
   CENSED ARCHITECT—REAL PROPERTY IMPROVEMENT—STATUTES.

   The statute which expressly prohibits any lawsuits against any
   state licensed architect or professional engineer performing or
   furnishing the design or supervision of construction of improve-
   ment to real property more than six years after the time of
   occupancy of the completed improvement, use or acceptance of
   such improvement is one of abrogation in respect to claims
   which accrue after the designated six-year period (MCL
   600.5839; MSA 27A. 5839).

4. STATUTES—AMBIGUITIES—JUDICIAL CONSTRUCTION—LEGISLATIVE
   PURPOSE—OBJECT OF STATUTE.

   A statute which is ambiguous or susceptible to two or more
   interpretations is open to judicial construction and should be
   construed reasonably in light of the legislative purpose of the
   statute and the object sought to be accomplished.

CONCURRENCE BY N. J. KAUFMAN, J.

5. CONSTITUTIONAL LAW—EQUAL PROTECTION—LIMITATIONS—STATUTE
   OF ABROGATION—STATUTE.

   *In an appeal where the facts of the case do not present any equal
   protection questions with regard to the application of a statute
   which prohibits any lawsuits against any state licensed archi-
   tect or professional engineer performing or furnishing the
   design or supervision of construction of improvement to real
   property more than six years after the time of occupancy of the
   completed improvement, use or acceptance of such improve-
   ment the constitutionality of the statute is not at issue; if such
   a question were before the Court, the statute should be de-*

clared unconstitutional as a violation of equal protection (US
Const, Am XIV, Const 1963, art 1, § 2, MCL 600.5839; MSA
27A.5839).

*Milan & Miller, P. C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen* (by *Dennis M. Day* and *Jeannette A.
Paskin),* for defendant Pate, Hirn and Bogue, Inc.

Before: BASHARA, P. J., and J. H. GILLIS and N. J.
KAUFMAN, JJ.

J. H. GILLIS, J. On April 9, 1975, while walking
in the City of Lincoln Park, plaintiff Margaret
Bouser tripped on a curb constructed higher than
the adjoining sidewalk, causing her to fall. She
suffered permanent injury from a fracture of the
left fibula and left tibia.

On August 26, 1976, plaintiffs started a lawsuit
in Wayne County Circuit Court against the City of
Lincoln Park, G. A. Morrison Company (the con-
struction firm) and Pate, Hirn and Bogue, Inc. (the
architectural firm). Plaintiffs alleged that defend-
ant city was guilty of negligence and willful and
wanton negligence in hiring the architects and the
construction company, and failing to inspect,
maintain and repair the sidewalk. The other de-
fendants were alleged to have provided a defective
and dangerous curb and sidewalk and failed to
warn foreseeable users of the curb and sidewalk of
the hazard.

On October 28, 1976, defendant, Pate, Hirn and
Bogue, Inc., filed a motion for summary and/or
accelerated judgment, contending that MCL
600.5839; MSA 27A.5839 establishes a six-year
statute of limitations for personal injury claims
arising from the performance, furnishing of de-
signs or supervision of construction by registered

engineers and licensed architects; that plaintiffs' claim accrued more than ten years after the completion of the sidewalk and its turning over to the city; and that the claims were therefore barred. On December 2, 1976, plaintiffs filed a reply asserting that MCL 600.5839; MSA 27A.5839 is unconstitutional.

The trial judge upheld the view of defendant Pate, Hirn and Bogue, Inc. Plaintiffs appeal.

It is well settled that the Legislature of this state has the authority to abolish a cause of action which has not accrued. Const 1963, art 3, § 7.[1] Statutes enacted pursuant to this authority are statutes of abrogation. See *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973).

Plaintiffs contend that the statute[2] at issue in the instant matter is one of limitation which cannot abolish a cause of action before it accrues. We disagree.

The *Dyke* case, *supra,* indicates that the legislative intent underlying the enactment of the statute is a key factor to consider in determining whether a statute is one of limitation or abrogation.[3]

---

[1] *Also see Bean v McFarland,* 280 Mich 19; 273 NW 332 (1937), *Grubaugh v City of St Johns,* 384 Mich 165; 180 NW2d 778 (1970).

[2] *See Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972).

[3] "Since '[i]t is of the essence of a law of limitation that it shall afford a reasonable time within which suit may be brought * * * ', *Price [v Hopkin], supra,* [13 Mich 318 (1965)], a statute which extinguishes the right to bring suit cannot be enforced as a law of limitation. As to a person who does not know, or in the exercise of reasonable diligence could not ascertain within the two year period that he has a cause of action, this statute has the effect of abolishing his right to bring suit.

"Such a statute, if sustainable at all could be enforced only as one intended to abolish a common law cause of action. But this statute does not purport to do this, is not asserted to do so, and we cannot ascribe any legislative intention to accomplish that end. We read it as a statute of limitation which applies in every case except where the

The Legislature has set forth rather unambiguous language in MCL 600.5839; MSA 27A.5839 concluding that the 6-year period in which actions may be brought begins to run at the time of occupancy of the completed improvement or upon acceptance of such improvement.

"No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement *more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement.* This limitation shall not apply to actions against any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought." MCL 600.5839(1); MSA 27A.5839(1). (Emphasis supplied.)

Hence, the statute expressly prohibits any suits six years after the individual accepts the improvements. Accordingly, the statute is one of abrogation in respect to claims which accrue after the designated six-year period.

Plaintiffs' brief on appeal rejects this analysis on the basis of the *Dyke* case, *supra.*

However, the statute construed to be one of limitation in the *Dyke* case does not specifically state when the period within which to maintain an

plaintiff does not know of his cause of action." *Dyke v Richard,* 390 Mich 739, 746–747; 213 NW2d 185 (1973).

action begins to run. Instead, it concludes that the limitation period begins to run when the cause of action accrues.

"No person may bring or maintain any action to recover damages for injuries to persons * * * unless, *after the claim first accrued* * * * he commences the action within the periods of time prescribed by this section." MCL 600.5805; MSA 27A.5805. (Emphasis supplied.)

As noted by *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 151; 200 NW2d 70 (1972):

"Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run."

A careful reading of the statute at issue in the *Dyke* case indicates that the Legislature did not intend to eliminate a cause of action before it accrued. The purpose of the enactment was to limit the period in which actions could be maintained after they accrued.

However, the distinct language of the statute in the instant matter strictly prohibits any actions six years after occupancy or acceptance of the improvement. The statute does not concern itself with when the cause of action accrues. Accordingly, the plain language of the enactment leads us to the conclusion that the Legislature intended to abrogate any cause of action arising under the statute after the specific six-year period has run.

To hold otherwise, would require us to ignore well-settled principles of statutory construction.

"A statute may be judicially construed if the language used is ambiguous or the statute is susceptible of two or more meanings. *Royal Oak School Dist v Schulman,* 68 Mich App 589; 243 NW2d 673 (1976). The primary rule of statutory construction is to determine and effectuate the Legislature's intent. *Williams v Secretary of State,* 338 Mich 202; 60 NW2d 910 (1953), *Chesapeake & Ohio R Co v Public Service Commission,* 59 Mich App 88; 228 NW2d 843 (1975). Toward that end, statutory language should be given a reasonable construction considering the purpose of the statute and the object sought to be accomplished. *Schoolcraft County Board of Commissioners v Schoolcraft Memorial Hospital Board of Trustees,* 68 Mich App 654; 243 NW2d 708 (1976)." *King v Director of the Midland County Department of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977).

Statutes should also be construed as to avoid constitutional infirmity.[4]

An application of the aforementioned principles to the instant statute leads us to the conclusion that the statute is constitutional as applied to plaintiffs' claim.[5]

Affirmed. Costs to appellees.

Bashara, P. J., concurred.

N. J. Kaufman, J. *(concurring).* I concur in the result reached by the majority opinion as I agree that no question of equal ·protection is properly raised by the facts of this case. Had such a question been before us, I would have found MCL 600.5839; MSA 27A.5839 unconstitutional as a violation of the principle of equal protection under

---

[4] *See Oole v Oosting,* 82 Mich App 291; 266 NW2d 795 (1978), which also deal with the constitutionality of MCL 600.5839; MSA 27A.5839. *See also People v Harrington,* 396 Mich 33; 238 NW2d 20 (1976).

[5] Plaintiff has no standing to challenge the statute at issue on equal protection grounds and, therefore, we will not address this issue.

law embodied in the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Michigan Constitution of 1963. See *Muzar v Metro Town Houses,* 82 Mich App 368; 266 NW2d 850 (1978).