O'BRIEN v HAZELET & ERDAL

Docket No. 77-2823. *Submitted* April 4, 1978, at Grand Rapids.—
Decided July 18, 1978.

James and Peggy O'Brien brought an action against Hazelet &
Erdal, consulting engineers, for damages for injuries which
James O'Brien received when a truck he was driving over-
turned on a highway. Plaintiffs alleged negligent design of the
highway, which had been constructed 14 years before the
accident. Defendant's motion for accelerated judgment, based
on a statute which bars an action against licensed architects or
professional engineers for injury arising from a defective and
unsafe condition of an improvement to real property more than
six years after occupancy, use or acceptance of the improve-
ment, was denied by the Kent Circuit Court, Stuart Hoffius, J.
Defendant appeals by leave granted. *Held:*

The statute abrogates a common-law right of action before it
accrues, and in so doing does not violate due process by unrea-
sonably restricting the right to sue. Denial of the defendant's
motion was improper.

Reversed and remanded.

STATUTES—LIMITATION OF ACTIONS—ABROGATION OF ACTIONS—ARCHI-
TECTS AND ENGINEERS—CONSTITUTIONAL LAW—DUE PROCESS.

The Legislature may abrogate a common-law right of action
before it vests; therefore, a statute which bars an action for
damages against a licensed architect or professional engineer
for injuries arising from a defective and unsafe condition of an
improvement to real property more than six years after the
time of occupancy, use or acceptance of the improvement does
not violate due process by unreasonably restricting the right to
sue where the injury occurs after the six year period (MCL
600.5839[1]; MSA 27A.5839[1]).

*Cholette, Perkins & Buchanan* (by *Bruce M.
Bieneman* and *Kenneth L. Block),* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Architects §§ 23–25.
51 Am Jur 2d, Limitation of Actions §§ 9–12.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *William D. Booth* and *Christine D. Oldani),* for defendant.

Before: R. B. Burns, P. J., and J. H. Gillis and D. C. Riley, JJ.

Per Curiam. The present case involves the application of Michigan's statute limiting actions against licensed architects and professional engineers arising out of work done on improvements to real property. MCL 600.5839(1); MSA 27A.5839(1).[1]

In 1954, defendant, an engineering firm, contracted with the Michigan State Highway Department to serve as consulting engineer for construction of US-131 in the City of Grand Rapids. Apparently, construction work was completed on the highway sometime in 1961.

On June 28, 1975, plaintiff James O'Brien was injured when a truck he was driving tipped over on an "s-curve" on US-131. Plaintiffs filed suit on December 1, 1976, alleging that defendant had negligently designed the "s-curve", thereby proximately causing the accident.

Defendant brought a motion for accelerated judgment, GCR 1963, 116.1(5), claiming that the suit was barred since it was not brought within six

---

[1] "No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement, use or acceptance of such improvement. This limitation shall not apply to actions against any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought." MCL 600.5839(1); MSA 27A.5839(1).

years after defendant completed its work on the highway construction project. MCL 600.5839(1); MSA 27A.5839(1). The trial court denied the motion, ruling that the statute was unconstitutional because it barred the suit prior to the date of the injury. Defendant appeals the denial of the motion.

This Court has recently held that this statute does not violate due process by unreasonably restricting the right to sue. *Muzar v Metro Town Houses, Inc,* 82 Mich App 368; 266 NW2d 850 (1978), *Bouser v Lincoln Park,* 83 Mich App 167; 268 NW2d 332 (1978). The Legislature may abrogate a common-law right of action before it vests. *Grubaugh v City of St Johns,* 384 Mich 165; 180 NW2d 778 (1970), *Snow v Freeman,* 55 Mich App 84; 222 NW2d 43 (1974). The present statute is better termed a statute of abrogation rather than a statute of limitations. See *Dyke v Richard,* 390 Mich 739, 745–747; 213 NW2d 185 (1973).

The remaining issues raised were not presented to the trial court below and thus are beyond the scope of this Court's review. *Oakland County v Detroit,* 81 Mich App 308; 265 NW2d 130 (1978), *Three Lakes Ass'n v Whiting,* 75 Mich App 564; 255 NW2d 686 (1977). However, we will note that even had we been required to reach the merits of these issues, our decision would remain unchanged.[2]

Reversed and remanded for entry of an order granting accelerated judgment in favor of defendant. Costs to defendant.

[2] Plaintiff had no standing to raise the equal protection issue in *Muzar v Metro Town Houses, Inc,* 82 Mich App 368; 266 NW2d 850 (1978). *See Broadrick v Oklahoma,* 413 US 601; 93 S Ct 2908; 37 L Ed 2d 830 (1973). The applicable statute of limitations is that in effect on the date that the cause of action accrues. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972). We do not believe that the statute violates the title-body clause of the Constitution. Const 1963, art 4, § 24. *See People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).