HUNTER, and another, Plaintiffs-Coappellants, v. SCHOOL DISTRICT OF GALE-ETTRICK-TREMPEALEAU, and another, Defendants-Appellants: BEAVER BUILDERS, INC., Defendant-Respondent: MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant.†

Court of Appeals

*No. 78–045. Argued March 28, 1979.—*
*Decided May 9, 1979.*
(Also reported in 280 N.W.2d 313.)

† Petition to review granted.

For the defendants-appellants there were briefs by *Kostner, Ward, Galstad* and *Koslo* and oral argument by *LaVern G. Kostner* of Arcadia.

For the plaintiffs-coappellants there was a brief by *Philip G. Arneson* and *Arneson & Corry* of LaCrosse, Wisconsin, and *Paul D. Tierney* and *Tierney, Norton, Schomburg & Krieser* of Minneapolis, Minnesota, and oral argument by *Philip G. Arneson.*

For the defendant-respondent there were briefs by *Thomas S. Sleik, Q. H. Hale* and *Hale, Skemp, Hanson & Skemp* of LaCrosse, and oral argument by *Thomas S. Sleik.*

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J. The Hunters, and the School District of Gale-Ettrick-Trempealeau and its insurer, appeal from

a judgment dismissing the Hunter's complaint and the District's cross-complaint against Beaver Builders, Inc. and its insurer. The issue decided on this appeal is whether sec. 893.155, Stats., barred the Hunters' claim and the School District's cross-claim arising from a personal injury occurring prior to its enactment.

Beaver Builders constructed the District's high school in 1960. In 1975, Betty Hunter was injured when part of a wall in the school collapsed. In 1976, the legislature enacted sec. 893.155, Stats. (1977), which provided:

WITHIN 6 YEARS; IMPROVEMENTS TO REAL PROPERTY. No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property, more than 6 years after the substantial completion of construction. If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months.

The trial court held sec. 893.155, Stats. (1977) applicable to this action and dismissed the complaint and cross-complaint, concluding there was no cause of action against Beaver Builders for negligent construction of the school after 1966. Appellants argue that the trial court erred in applying sec. 893.155 to actions for personal injuries occurring prior to its effective date. We agree.

At the time the Hunters' cause of action accrued,[1] they had a legal right to sue Beaver Builders for negligent

---

[1] A cause of action, if there is one, accrues at the time of the plaintiff's injury. *Borde v. Hake*, 44 Wis.2d 22, 170 N.W.2d 768 (1969).

construction of the school, subject only to the three-year statute of limitations contained in sec. 893.205, Stats. We hold that this legal right was one that legislative action could not later abrogate.[2] In so holding, we adopt the widely recognized rule that an existing cause of action is a vested right that is protected by the due process clause of the United States Constitution, and may not be destroyed by subsequent legislation. *See Barr v. Preskitt,* 389 F. Supp. 496 (M.D. Ala. 1975); *Grubaugh v. City of St. Johns,* 384 Mich. 165, 180 N.W.2d 778 (1970); *Loyal Order of Moose v. Cavaness,* 563 P.2d 143. (Okla. 1977); *Morris v. Gross,* 572 S.W.2d 902 (Tenn. 1978); 16 C.J.S. *Constitutional Law,* §254 (1956) and cases cited therein. This principle was recognized as early as 1860 as applicable in Wisconsin in an action on a debt.[3] We therefore construe sec. 893.155, Stats., not to destroy causes of action vesting prior to its enactment.

We reject Beaver Builders' contention that the Hunters were not deprived of a vested right because they retained their cause of action against the School District. This contention assumes that so long as a plaintiff retains

[2] Counsel have characterized §893.155, Stats., as a statute of limitation. It is, rather, a statute of abrogation because it abolishes claims which accrue after the six-year period. *Bouser v. City of Lincoln Park,* 83 Mich. App. 167, 268 N.W.2d 332 (1978).

[3] In *Cornell v. Hichens,* 11 Wis. 368 (*353), 388 (*371) (1860), the court stated:

In general it may be said, that whenever by the voluntary acts of the parties, and the force and operation of the law, whether statutory or common as applied to those acts at the time, a right accrues to the one to have or demand something of the other, such right cannot, against the will of the party to be injuriously affected, be divested, modified or controlled by any subsequent legislation.

Although not stated, the court likely based its holding on art. I, §9, the remedies clause of the Wisconsin Constitution. *See also Levine v. Mueller,* 201 Wis. 633, 231 N.W. 182 (1930).

a cause of action against any tortfeasor, abrogation of the plaintiff's cause of action against any other tortfeasor does not deprive the plaintiff of any vested right. However, judgments are not always collectible against all defendants. Additionally, in a case such as this one, where the owner is a governmental unit, recovery is limited by statute.[4] Thus, if we were to accept Beaver Builders' contention, plaintiffs may be limited to only partial recovery of their damages. We therefore conclude that sec. 893.155, Stats., cannot be constitutionally applied retroactively to deprive a party of a vested cause of action notwithstanding possible causes of action against alternative defendants.[5]

In holding sec. 893.155, Stats. (1977) inapplicable to this case, we find it unnecessary to reach the appellant's challenge to its constitutionality.

*By the Court.*—Judgment reversed.

[4] Section 895.45 (4), Stats., limits recovery in actions against state employees to $100,000. Section 895.43 (3), Stats., limits recovery in actions against employees of other governmental units to $25,000.

[5] We distinguish *Wiener v. J. C. Penney Co.*, 65 Wis.2d 139, 222 N.W.2d 149 (1974), discussed by Beaver Builders in oral argument. In *Wiener*, the court held that the usury statute, amended after institution of the action, merely replaced one remedy with another and changed the procedure for recovery. Thus, the legislature did not attempt to preclude recovery against the named defendant, but merely prescribed another means for obtaining a remedy. As the court noted in *Barr v. Preskitt, supra* at 498:

The problem often is one of drawing the distinction between remedial procedures and vested rights. Remedial or procedural statutes which do not create, enlarge, diminish, or destroy contractual or vested rights, but relate only to remedies or modes of procedure, are not within the general rule against retrospective operation and are generally held to operate retrospectively if so intended by the legislative body. [Citations omitted.]