**Robin McMACKEN, Plaintiff and Appellant,**

v.

**STATE of South Dakota, Defendant,**

**and**

**Fritzel, Kroeger, Griffin & Berg, architects, Defendants and Appellees.**

**No. 13349.**

Supreme Court of South Dakota.

Rehearing on Briefs Sept. 7, 1982.

Decided Oct. 20, 1982.

Helen Driscoll, Vermillion, for plaintiff and appellant.

Stanley E. Siegel of Siegel, Barnett & Schutz, Aberdeen, for amicus curiae South Dakota Trial Lawyers' Ass'n; David R. Vrooman, and Terry N. Prendergast of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, on brief.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees Fritzel, Kroeger, Griffin & Berg; Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

MORGAN, Justice (on rehearing).

In response to a petition by appellant, rehearing was granted on our decision herein [1] limited however to the issue of the purported incongruity between that decision and our earlier decision in *Holy Cross Parish v. Huether*, 308 N.W.2d 575 (S.D. 1981) decided July 22, 1981. Appellant claims the *McMacken* decision created an irreconcilable conflict between the language of the two cases.

SDCL 15–2–9,[2] on which our decision in *McMacken* hinges, is an affirmative defense

---

1. *McMacken v. State*, 320 N.W.2d 131 (S.D. 1982), decided May 26, 1982.

2. SDCL 15–2–9 provides:

No action to recover damages for any injury to real or personal property, for personal injury or death arising out of any deficiency in the design, planning, supervision, inspection and observation of construction, or construction, of

an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision, inspection and observation of construction, or construction, of such an improvement more than six years after substantial completion of such construction. Date of substantial comple-

that must be pleaded as such. SDCL 15–6–8(c); *see American Property Services, Inc. v. Barringer,* 256 N.W.2d 887 (S.D.1977). In *Holy Cross,* while the architect's brief mentioned the statute, it had not been pleaded as a bar nor was it relied on in the appeal. The builder's brief never mentioned the statute nor was it cited in our opinion. Further, *Holy Cross* was decided on the grounds of fraud and fraudulent concealment of a latent defect. Those grounds were neither pleaded nor argued in *McMacken.* Indeed, the railing, the design of which was an issue, was in plain view for fourteen years. Its height was patently obvious to all who viewed it.

We hold *Holy Cross* to be clearly distinguishable on its facts and its pleadings from *McMacken* and we reaffirm our decision herein.

FOSHEIM, C. J., and WOLLMAN, J., concur.

DUNN and HENDERSON, JJ., dissent.

DUNN, Justice (dissenting).

I would dissent for all of the reasons stated in the original decision issued on May 26, 1982 (320 N.W.2d 131).

HENDERSON, Justice (dissenting).

Although it is true that appellant did not allege fraud or fraudulent concealment, she has assiduously advocated the unconstitutionality of the statute in question, SDCL 15–2–9. This statute was patterned after a "Model Code" proposed by various associations of design professionals and contractors.[1] Approximately 42 states have adopted such a statute.

Obviously, this statute is conceptually a rare bird. Its plumage is unlike conventional limitation statutes for it is not related to the *accrual* of any cause of action. Approximately 28 courts in this nation have ruled on the constitutionality of a statute similar to SDCL 15–2–9. In varying fashion, there are 12 cases in which the statutes have been upheld.

Arkansas, *Carter v. Hartenstein,* 248 Ark. 1172, 455 S.W.2d 918 (1970); Louisiana, *Burnmaster v. Gravity Drainage District No. 2 of Parish of St. Charles, La.,* 366 So.2d 1381 (La.1978); Montana, *Reeves v. Ille Electric Co.,* 170 Mont. 104, 551 P.2d 647 (1976); New Jersey, *Rosenburg v. Town of North Bergen,* 61 N.J. 190, 293 A.2d 662 (1972); *O'Connor v. Altus,* 67 N.J. 106, 335 A.2d 545 (1975); New Mexico, *Howell v. Burk,* 90 N.M. 688, 568 P.2d [214] 217 (1977), *cert. den.* 91 N.M. 3, 569 P.2d 413; Oregon, *Joseph v. Burns,* 260 Or. 493, 491 P.2d 203 (1971); Pennsylvania, *Freezer Storage, Inc. v. Armstrong Cork Co.,* 234 Pa.Super. 441, 341 A.2d 184 (1975); Tennessee, *Agus v. Future Chattanooga Development Corp.,* 358 F.Supp. 246 (E.D.Tenn.1973), cited with approval, *Watts v. Putnam Co.,* 525 S.W.2d 488 (Tenn.1975); Texas, *Hill v. Forrest & Cotton, Inc.,* 555 S.W.2d 145 (Tex.Civ. App.1977); Utah, *Good v. Christensen,* 527 P.2d 223 (Utah 1974); Virginia, *Smith v. Allen-Bradley Co.,* 371 F.Supp. 698 (W.D.Va.1974); Washington, *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wash.2d 528, 503 P.2d 108 (1972).

However, in 11 cases, the statutes have been declared to be unconstitutional.

Alabama, *Bagby Elev. & Elec. Co., Inc. v. McBride,* 292 Ala. 191, 291 So.2d 306 (1974); *Plant v. R. L. Reid, Inc.,* 294 Ala. 155, 313 So.2d 518 (1975); Florida, *Overland Construction Co., Inc. v. Sirmons,* Fla., 369 So.2d 572 (1979); Hawaii, *Fujio-*

tion shall be determined by the date when construction is sufficiently completed so that the owner or his representative can occupy or use the improvement for the use it was intended.

1. If the door is open to protect this special interest class, to whom is the door not open? If architects, engineers, and contractors are granted immunity from suit as a special class, what of other special classes? Is it boundless?

Could all homeowners ask to be classified as a special class and then be granted immunity? But homeowners do not have immunity. The equal protection clause of the United States Constitution does not deny a state the power to classify, but does require a reasonable basis for the classification. *Morey v. Doud,* 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957).

ka v. Kam, 55 Haw. 7, 514 P.2d 568 (1973); Illinois, Skinner v. Anderson, 38 Ill.2d 455, 231 N.E.2d 588 (1967); Kentucky, Saylor v. Hall, 497 S.W.2d 218 (Ky.1973); Michigan, Muzar v. Metro Town Houses, Inc., 82 Mich.App. 368, 266 N.W.2d 850 (1978); but see, Bouser v. City of Lincoln Park, 83 Mich.App. 167, 268 N.W.2d 332 (1978); O'Brien v. Hazelet & Erdal Consulting Engineers, 84 Mich.App. 764, 270 N.W.2d 690 (1978); Minnesota, Pacific Indemnity Co. v. Thompson-Yaeger, Inc., 260 N.W.2d [548] 549 (Minn.1977); Oklahoma, Loyal Order of Moose Lodge 1785 v. Cavaness, 563 P.2d 143 (Okl.1977); South Carolina, Broome v. Truluck, 270 [S.C.] 227, 241 S.E.2d 739 (1978); Wisconsin, Kallas Millwork Corp. v. Square D. Co., 66 Wis.2d 382, 225 N.W.2d 454 (1975); Wyoming, Phillips v. ABC Builders, Inc., Wyo., 611 P.2d 821 (1980).

Whereas, in 5 states, similar statutes were interpreted without benefit of a decision directly on the constitutional issue or were decided on other grounds.

California, Regents of University of California v. Hartford Accident & Indemnity Co., 21 Cal.3d 624, 147 Cal.Rptr. 486, 581 P.2d 197 (1978), vacating an intermediate appellate court decision which had held the statute constitutional, Regents of University of California v. Hartford Accident & Indemnity Co., 131 Cal.Rptr. 112, 59 Cal.App.3d 675; Colorado, Duncan v. Schuster-Graham Homes, Inc., 194 Colo. 441, 578 P.2d 637 (1978), but see, City of Aurora, Colorado v. Bechtel Corp., 599 F.2d 382 (10th Cir. 1979); Maryland, Allentown Plaza Associates v. Suburban Propane Gas Corp., 43 Md.App. 337, 405 A.2d 326 (1979); Nevada, Nevada Lakeshore Co., Inc. v. Diamond Electric, Inc., 89 Nev. 293, 511 P.2d 113 (1973); New Hampshire, Deschamps v. Camp Dresser & McKee, Inc., 113 N.H. 344, 306 A.2d 771 (1973).

Obviously, there is a conflict in judicial decisions on this subject. I subscribe to the general theory that a statute of limitations will not be allowed to commence to run against a right until that right has accrued in a shape to be effectually enforced. (Emphasis mine.) Borer v. Chapman, 119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532 (1887), cited with approval in Canton Lutheran Church v. Sovik, Mathre, Etc., 507 F.Supp. 873 (D.S.D.1981). Appellant McMacken's rights to litigate did not accrue until she fell from a railing, which she claims to be negligently designed, three floors below. She is entitled to have the courtroom door opened to her so that she has, at least, a full opportunity to prove negligence.[2] "What the Constitution does require is 'an opportunity . . . granted at a meaningful time and in a meaningful manner . . .'" Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 119 (1971) (emphasis in original). This case is not being decided on the facts; it is being decided on law. Therefore, the majority opinion's allusion to "plain view for fourteen years" and "it's height was patently obvious to all who viewed it" is manifestly unfair for appellant McMacken has never had an opportunity to tell her side of the facts. She was dealt a legal knockout blow before she ever had a chance to advocate the facts. If the majority opinion would partake of an evidentiary stance, I would add that one would glean in reading the briefs that appellant resided in Norton Hall, at the University of South Dakota, less than three weeks before her tragic fall. (Thus, she was not exposed to viewing it for fourteen years.) Under the majority opinion, her right of action was barred years before she entered Norton Hall as a student and years before her cause of action accrued. As such, her right to advocate negligence has been arbitrarily abridged. She has been denied due process

---

2. In my earlier dissent in McMacken, I cited Wilson v. Iseminger, 185 U.S. 55, 62, 22 S.Ct. 573, 575, 46 L.Ed. 804, 807 (1902), and I wish to add a quote therefrom: "A statute could not bar the existing rights of claimants without affording this opportunity; if it should attempt to do so, it would not be a statute of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions." Hence, I denominate SDCL 15–2–9 as a statute of nullification.

under the Fourteenth Amendment of the United States Constitution.

We opened the door in *Holy Cross Parish v. Huether,* 308 N.W.2d 575 (S.D.1981), and in keeping with our decisions such as *Hinkle v. Hargens,* 76 S.D. 520, 81 N.W.2d 888 (1957), because of allegations of fraud and fraudulent concealment and we slam it in *McMacken* as there is only an allegation of negligent design. In my opinion, *Holy Cross Parish* at 577 [3] implicitly, if not expressly, disapproved of a legislative act which closed the courts to persons wronged before the wrongs accrued or became known and redress could be exercised. SDCL 15–2–9 was not pleaded as an affirmative defense in *Holy Cross Parish* nor *McMacken*. In *Holy Cross Parish,* the defendant relied upon "applicable statutes of limitation." In *McMacken,* defendants pleaded that plaintiff's cause of action was in all things "barred by the Statute of Limitations." Quite a similarity. In *Holy Cross Parish,* however, SDCL 15–2–9 was addressed in the defendant-architect's brief; here, it is addressed again by the defendant-architect's brief. Quite a similarity. My point is that we seemingly have differ-

ent results in two cases involving a consideration of the same statute. Although fraud and fraudulent concealment are totally different causes of action than negligent design, I cannot bring myself to adhere to the concept that the former is not tolled by a failure of its discovery, yet a discovery of a negligent design by a fall and resultant skull fracture is tolled years before its discovery.

I am aware that I have advanced legal positions on contentions advocated in the briefs in the original decision in *McMacken*. Although the majority of this Court favored limiting the scope of the rehearing and entered an order to that effect, inherent in the briefs on this rehearing were matters which compelled me to reassert my original views. I continue to dissent for those reasons contained in my original writing and this addendum.

---

**3.** We held in *Holy Cross Parish,* at 577:

> The statute of limitations runs against an action based on fraud in the construction of a building from the date of the discovery of the fraud. SDCL 15–2–3 and 15–2–13. The fraudulent concealment of a cause of action tolls the statute of limitations until the cause of action is discovered ....

... A case might be made for negligence, breach of warranty or in strict liability on the grounds that *the cause of action did not accrue until discovery of the defects.* (Emphasis mine.)