SIMON THOENI, Plaintiff, Appellee, v. THE CITY OF DUBUQUE, Defendant, Appellant.

**Statutes: RETROACTIVE OPERATION:** *Statutes of limitation.* A statute of limitations will not be given a retroactive operation unless it appears by express provision or necessary implication that such was the legislative intent.

*Same.* Though statutes of limitations may be given a retroactive operation by the legislature, it is incompetent for the legislature to cut off all remedy, and the right to sue within an existing statute of limitations cannot be summarily destroyed.

*Rule applied.* Code, section 1050, taking effect October 1, 1897, provided that no suit should be brought against cities acting un-

der special charters "for any unliquidated claim or demand unless within three months from the time the same became due or cause of action accrued thereon." Plaintiff's demand against the city of Dubuque for damages from a change of grade accrued in August, 1896, and prior to the Code of 1897, was enforceable at any time within two years. *Held*, that the section quoted could not be construed as applying to plaintiff's case, as such construction would take away all remedy.

*Construction.* Such section cannot be construed as requiring plaintiff to sue the city within three months from its taking effect, such a meaning being neither expressed nor necessarily implied by its language.

*Same.* Code, section 1050, providing that no suit shall be brought against a city acting under special charter for any unliquidated demand "unless a written verified statement of the general nature, cause and amount of same is filed * * * thirty days before the commencement of suit," will not be given a retroactive operation; it not appearing by express provision or necessary implication that such was the legislative intent.

*Appeal from Dubuque District Court.*—HON. M. C. MATTHEWS, Judge.

FRIDAY, JANUARY 31, 1902.

ACTION at law begun July 13, 1898, to recover damages alleged to have been occasioned to plaintiff's property by change in grade of street made in August, 1896. Demurrer to petition having been overruled, defendant appeals.
—*Affirmed.*

*Duffy & McGuire* for appellant.

*Jess & Kitzinger* for appellee.

WEAVER, J.—The grounds of the demurrer to petition are stated as follows: (1) That plaintiff's cause of action is based on on unliquidated claim which accrued in the year 1896, and this action, being brought thereon more than three months after the Code of 1897 went into effect, is

barred by the statute limiting such actions as provided in such Code; (2) that there is no showing that any written, verified statement of the general nature, cause, and amount of plaintiff's claim was filed with the recorder of the city 30 days before the commencement of the suit.

Prior to the Code of 1897, actions upon claims of this nature could be brought at any time within two years after the cause thereof accrued. In adopting the Code the legislature materially modified this rule in favor of cities acting under special charters, and it is there provided: "Sec. 1050. No suit shall be brought against any such city for any unliquidated claim or demand unless within three months from the time the same became due or cause of action accrued thereon, nor unless a written, verified statement of the general nature, cause and amount of same is filed with the clerk or recorder thirty days before the commencement of such suit." Does this change in the statute of limitations affect plaintiff's right of action, which had accrued before such change was enacted? It will be conceded that statutes of limitation, pertaining, as they do, to the remedy, may be extended or abbreviated by act of the legislature, and that, generally speaking, such changes may be made retroactive and applicable to existing rights. It is well settled, however, that, with but few exceptions it is not competent for the legislature to cut off all remedy, and that the right to sue within the existing statue of limitations is property which cannot be thus summarily destroyed. *Gilbert v. Ackerman,* 159 N. Y. 118 (53 N. E. Rep. 753, 45 L. R. A. 118); *Kennedy v. City of Des Moines,* 84 Iowa, 187. Nor will a statute of this kind be given retroactive effect, unless it appears by express provision or necessary implication that such was the legislative intent. *Murray v. Gibson,* 15 How.. 421 (14 L. Ed. 755); *New York & Oswego M. R. Co. v. Van Horn,* 57 N. Y. 477. Under both of these propositions, we think defendant's demurrer was properly overruled.

Code, section 1050, went into effect October 1, 1897. Plaintiff's cause of action having accrued in August, 1896, it was manifestly impossible to comply with the provisions of said section; and to hold that plaintiff is bound by the amendment is to take away from him at once all remedy. Appellant seeks to avoid the force of this objection by the suggestion that although more than three months had already elapsed after the cause of the action accrued, and before the Code became effective, yet, for the purposes of this case, the time must be considered as beginning to run with the advent of the Code (October 1, 1897), and, having failed to begin his action within three months thereafter, his right is barred. It is sufficient answer to this argument to say that such is not the language of section 1050, upon which counsel relies, and to give it any such interpretation requires us to read into the act of the legislature a meaning which is neither expressed nor necessarily implied.

It is further contended that, even if the time limit of three months is not applicable to plaintiff's right of action, yet the filing of the verified statement is made a condition precedent to his right to bring an action. The rule we have already invoked against giving a statute retroactive effect when a fair interpretation of the language employed does not require it is applicable here also, and the point made is not well taken.

There was no error in the ruling upon the demurrer, and the judgment below is AFFIRMED.