**TURNER CONSTRUCTION COMPANY, INC., Petitioner,**

v.

**Robert SCALES and Kip Clapper, Respondents.**

**Phillip IVERSON d/b/a Iverson Construction Company, Petitioner,**

v.

**DeWayne B. CARSON and Robert J. Kottre d/b/a K & W Doors, Respondents.**

**Nos. S–1429, S–1600.**

Supreme Court of Alaska.

April 1, 1988.

---

Paula Williams and Dan Cadra, Law Offices of Roy W. Matthews III, Anchorage, for petitioner Turner Const. Co.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for petitioner Philip Iverson.

Joseph A. Kalamarides, Kalamarides & MacMillan, Anchorage, for respondent Robert Scales.

Jeffrey M. Feldman and Stuart A. Ollanik, Gilmore & Feldman, Anchorage, and Jeffrey D. Jefferson, Nordstrom, Steele & Jefferson, Kenai, for respondent DeWayne B. Carson.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

The question in these consolidated cases is whether AS 09.10.055, the six-year statute of repose on suits against design professionals, violates the Alaska Constitution. The superior court ruled the statute unconstitutional. We affirm.

## I. FACTS AND PROCEEDINGS

*Turner Construction v. Scales,* File No. S-1429. Robert Scales suffered property damage when a fire occurred in the Winterbrook Apartments in 1984.[1] Turner Construction Company built the apartments in 1978. Scales sued Turner Construction and others for his loss, alleging in part that the fire was caused by Turner Construction's negligent construction and installation of a fireplace.

■ Turner Construction asserted that Scales' cause of action was barred by AS 09.10.055, the six-year statute of repose[2] governing actions against design professionals such as architects, engineers and contractors, and moved for judgment on the pleadings. Scales moved to strike the defense on the ground that the statute is unconstitutional. Superior Court Judge Douglas J. Serdahely granted Scales' motion, concluding that AS 09.10.055 violates the due process[3] and equal protection[4] clauses of the Alaska Constitution.

*Iverson v. Carson,* File No. S-1600. DeWayne B. Carson was injured in 1985, while attempting to install an automatic garage door opener in his home. Phillip Iverson built the home in 1978; the garage door was originally installed by a subcontractor.

Seven months after his injury, Carson sued Iverson and the subcontractor. Iverson moved for summary judgment, based on the six-year statute of repose, because Carson was injured six-and-a-half years after substantial completion of the improvement. Superior Court Judge Joan M. Katz denied Iverson's motion, concluding that AS 09.10.055 violates the equal protection clause[5] of the Alaska Constitution.

## II. THE STATUTE

The statute in question was enacted in 1967. It provides in part:

(a) No action, whether in contract ..., in tort or otherwise, to recover damages (1) for a deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property; (2) for injury to property, real or personal, arising out of a deficiency; or (3) for injury to the person or for wrongful death arising out of such deficiency, may be brought *against a person performing or furnishing the design, planning, supervision or observation of construction, or construction of an improvement* more than six years after substantial completion of an improvement.

(b) Notwithstanding the provisions of (a) of this section, in the case of an injury to property or the person or an injury causing wrongful death, *which injury occurred during the sixth year after substantial completion, an action in tort to recover damages for the injury may be brought within two years after the date on which the injury occurred.* In no event may action be brought more than eight years after the substantial completion of construction of an improvement.

---

**1.** Given the procedural posture of these cases, we must assume the allegations in the plaintiffs' complaints are true. *Freezer Storage v. Armstrong Cork,* 476 Pa. 270, 382 A.2d 715, 717 (1978).

**2.** A statute of repose differs from a statute of limitation in that the former may bar a cause of action before it accrues, because the statute begins to run from a specific date unrelated to the date of injury. A cause of action thus precluded

is *damnum absque injuria,* a loss without a remedy.

In contrast, a statute of limitation begins to run when the plaintiff's cause of action accrues or is discovered. It operates to prevent a plaintiff from sleeping on his or her rights.

**3.** Alaska Const. art. I, § 7.

**4.** Alaska Const. art. I, § 1.

**5.** *Id.*

(c) Nothing in this section shall be construed as extending the period prescribed by the laws of the state for the bringing of any action.

(d) The limitation prescribed by this section *shall not be asserted by way of defense by a person in actual possession or control, as owner, tenant, or otherwise* of an improvement at the time a deficiency in an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action.

AS 09.10.055 (Emphasis added).

The House Judiciary Report notes that this section "places a ... statute of limitation on lawsuits against architects, designers and builders." 1967 House Journal 261. It is clear, however, that the House intended to enact a statute of repose. An explanatory report by the Judiciary Committee stated in part:

> [T]he time begins running upon 'substantial completion' of the improvement; consequently this bill limits not only the bringing of the cause of action, but in effect prevents the cause of action from arising when an injury occurs after the time limitation has expired. An action based on a defect not discovered until after the time limitation has expired would likewise be precluded.

*Id.* at 365.[6]

### III. EQUAL PROTECTION

■ Scales and Carson argue that AS 09.10.055 violates the equal protection clauses of the state and federal constitutions because (1) it does not protect all defendants similarly situated and (2) the two-year savings period in subsection (b) unfairly discriminates against plaintiffs injured in the seventh and eighth years after construction. The design professionals contend that the injured plaintiffs lack

standing to challenge the statute on the first of these grounds, because the plaintiffs are not members of the class of unprotected defendants. The design professionals further contend that the statute is constitutional.

*Standing.* The injured plaintiffs' first constitutional claim is based on the rights of third parties—potential defendants, such as owners and tenants, who are not protected by the statute.[7] Every court which has addressed the issue has concluded that persons such as the plaintiffs are proper parties to assert this claim, because they are precluded from asserting their own rights against defendants who might otherwise be liable; the statute narrows the group against which recovery is available. *McClanahan v. American Gilsonite*, 494 F.Supp. 1334, 1342–44 (D.Colo.1980); *Shibuya v. Architects Hawaii*, 65 Hawaii 26, 647 P.2d 276, 282 (1982). The injured plaintiffs' interest in invalidating the statute is as great as that of the materialman or the defendant in possession. *Klein v. Catalano*, 386 Mass. 701, 437 N.E.2d 514, 523 (1982). We find this reasoning persuasive, therefore, we conclude that the injured plaintiffs have standing to assert the equal protection challenge.

■ *Equal protection.* When a plaintiff challenges a statute on state and federal equal protection grounds, the first question we must consider is whether the constitutional claimant asserts a fundamental constitutional right or the statute uses a suspect classification. *State v. Erickson*, 574 P.2d 1, 12 (Alaska 1978). If the answer to either question is "yes," then the statute is unconstitutional under the federal standard absent a compelling state interest. *Id.*

■ This statute classifies defendants based on their occupation or the nature of the work they perform; it classifies plaintiffs based on the time of their injury.

---

**6.** AS 09.10.055 is one of many state statutes enacted as a result of a concerted national lobbying effort by design professionals sparked by an increase in their potential liability for design and construction defects. *See, e.g.,* Collins, *Limitation of Action Statutes for Architects and Builders—An Examination of Constitutionality,* 29 Fed'n of Ins.Couns.Q. 41, 44–45 (1978).

**7.** The statute expressly excludes from its protection owners, tenants and others in possession. AS 09.10.055(d). Most courts construe the statute to exclude materialmen and manufacturers of component parts as well.

Neither is a suspect class. The right asserted is the interest in suing a particular party, which is not a fundamental constitutional right; nonetheless, the interest in redressing wrongs through the judicial process is a significant one. *Wilson v. Municipality of Anchorage*, 669 P.2d 569, 572 (Alaska 1983). We, therefore, conclude that the compelling state interest standard does not apply and we may analyze the significant constitutional claims asserted under the fair and substantial relationship test of the state constitution. *Erickson*, 574 P.2d at 12.

We next examine the statutory purpose to determine whether it is a legitimate exercise of the state's police power. *Id.* The purpose of the statute is to encourage construction and avoid stale claims by shielding certain defendants from potential future liability. *See Yarbro v. Hilton Hotels*, 655 P.2d 822, 825–27 (Colo.1982). We believe that these are legitimate government purposes.

The final step is to examine the means to determine whether they substantially further the statutory purpose. *Erickson*, 574 P.2d at 12. In doing so, we do not hypothesize facts which would sustain otherwise questionable legislation. *Isakson v. Rickey*, 550 P.2d 359, 362 (Alaska 1976).

Scales argues that AS 09.10.055 is unconstitutional because it fails to protect owners, tenants, and materialmen, while protecting others who are similarly situated, such as architects, planners, engineers, and construction contractors. Turner Construction contends that there are substantial differences between these groups justifying the statutory distinction.

Many courts have suggested distinctions to justify the challenged classification. The exclusion of owners, tenants, and others in possession is most often rationalized by the fact that such persons have continuing control over access to and maintenance of the property. *Klein*, 437 N.E.2d at 522–25; *Freezer Storage*, 382 A.2d at 718. Some courts also point to the different

treatment of owners and tenants at common law, such as the larger class of potential plaintiffs which may sue design professionals, the legal theories available to those plaintiffs, and the common law defenses available only to landlords and tenants. *Freezer Storage*, 382 A.2d at 718–20. Others cite the possibility of defective maintenance and alterations. *Yarbro*, 655 P.2d at 827–28.

Various justifications are also found to support the distinction between materialmen and design professionals.[8] One argument is that, because materialmen provide standard goods manufactured by standard processes, they may be held to higher quality control standards than the design professional, whose work is often unique and cannot be completely tested. *Klein*, 437 N.E.2d at 524; *Freezer Storage*, 382 A.2d at 719. In other words, buildings are more complex than their component parts. *Freezer Storage*, 382 A.2d at 719. Furthermore, design professionals have special expertise; they should be encouraged to experiment and their creativity should not be stifled. *Klein*, 437 N.E.2d at 524; *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336, 342 (1980).

We are not persuaded by any of these diverse rationales. One effect of the statute of repose is to eliminate the statutory right of contribution among tortfeasors. In *Arctic Structures v. Wedmore*, 605 P.2d 426, 435 (Alaska 1979), we ruled that the Uniform Contribution Among Tortfeasors Act, AS 09.16.010–.060, did not abolish the common law rule of joint and several liability; therefore, each tortfeasor whose negligence is a proximate cause of an indivisible injury remains individually liable for all compensable damages attributable to that injury. It follows that whenever an unprotected owner is 50% at fault and a protected contractor is 50% at fault, the unprotected owner would be 100% liable for all damages, without a remedy for contribution. The statute of repose, therefore, does not entirely abrogate liability for defective de-

---

**8.** For purposes of argument, we assume without deciding that AS 09.10.055 does not protect ma-

terialmen or manufacturers.

sign work, but shifts it. Thus, the potential interest of joint tortfeasors in obtaining contribution, in addition to the claimant's interest in suing a particular party, must be considered.

In our view, there is no substantial relationship between exempting design professionals from liability, shifting liability for defective design and construction to owners and material suppliers, and the goal of encouraging construction. The shift of liability to unprotected parties decreases their incentive to build in corresponding measure to the increased incentives of protected parties. If anything, the disincentive on the part of owners may be greater than their proportional measure of liability shift, because they may be liable for a product over which they have no control. Moreover, design defects may be catastrophic, and experimental designs shift correspondingly greater unknown risks to owners, giving them even more reason not to finance construction. Thus, we believe that the statutory means are not substantially or rationally related to the ends. We conclude that AS 09.10.055 violates the equal protection clause of the Alaska Constitution.

The decisions of the superior court in File Nos. S–1429 and S–1600 are AFFIRMED.