Harsh Bhupendrabhai PATEL and Uthkarsh Bhupendrabhai Patel, as Co-executors of the Estate of Bhupendra Patel, Plaintiffs,

v.

FLEUR DE LIS MOTOR INNS, INC.; and Gilmer Potteries, Inc., Defendants,

and

State of Iowa, Intervenor.

GILMER POTTERIES, INC., Third–Party Plaintiff,

v.

PASUTTI BROTHERS TILE, INC., et al., Third–Party Defendants.

Civ. No. 89–263–B.

United States District Court, S.D. Iowa, C.D.

June 21, 1991.

962

Mark A. Roeder, Roeder Law Firm, Manchester, Iowa, for plaintiffs.

David L. Phipps, Whitfield, Musgrave & Eddy, James C. Huber, Jones, Hoffman & Huber, Paul Thune, Peddicord, Wharton, Thune & Foxhoven, Des Moines, Iowa, for defendants.

Dennis W. Johnson, James E. Brick, Brick, Seckington & Bowers, Des Moines, Iowa, John A. Templer, Jr., Thomas M. Cunningham, Shearer, Templer & Pingel, West Des Moines, Iowa, for third party defendants.

## MEMORANDUM OPINION AND RULING GRANTING MOTION FOR SUMMARY JUDGMENT

VIETOR, Chief Judge.

Bhupendra Patel was a guest at the Airport Hilton Inn in Des Moines, Iowa. As Patel exited the shower in his room, he grabbed the handle portion of a soap dish attached to the wall. The soap dish detached, and Patel fell. On August 30, 1990, Bhupendra Patel died from causes unrelated to his fall at the hotel. The co-executors of Patel's estate, Harsh Bhupendrabhai Patel and Uthkarsh Bhupendrabhai Patel, have been substituted as party plaintiffs. For convenience, I will refer to plaintiffs as "Patel."

On April 7, 1989, Patel filed suit against the owner of the hotel, Fleur de Lis Motor Inns, Inc. ("hotel"). Patel amended his complaint on May 8, 1989, to name as an additional defendant the manufacturer of the soap dish, Gilmer Potteries, Inc. ("Gilmer"). On March 23, 1990, Gilmer filed a third-party complaint against the architect of the hotel, Frevert–Ramsey–Drey Architects–Engineers, Inc., now known as Frevert–Ramsey–Kobes Architects–Engineers, Inc., ("architect"), and against the installers of the soap dish, Pasutti Brothers Tile, Inc., Edward Pasutti, Rich Pasutti, and Bill Pasutti (collectively referred to as "subcontractor"). Neither Patel nor the hotel have brought a claim against the architect or subcontractor. The hotel has not brought a claim against Gilmer.

Gilmer moves for summary judgment against Patel on the basis of a statute of limitations, Iowa Code § 614.1(11). Patel resists, in part challenging the constitutionality of section 614.1(11). Pursuant to 28 U.S.C. § 2403(b), the State of Iowa intervenes in support of the statute's constitutionality. The architect and subcontractor separately move for summary judgment against Gilmer on the basis of the same statute of limitations. Gilmer resists. I heard oral arguments, and the motions are submitted.

## I. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(e). To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Continental Grain Co. v. Frank Seitzinger Storage, Inc.*, 837 F.2d 836, 838 (8th Cir.1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Johnson v. Schopf*, 669 F.Supp. 291, 295 (D.Minn.1987). The quantum of proof that the nonmoving party must produce is not precisely measurable, but it must be "enough evidence so that a reasonable jury could return a verdict for the nonmovant." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Johnson*, 669 F.Supp. at 295–96.

On a motion for summary judgment, the court views all the facts in the light most favorable to the nonmoving party, and gives that party the benefit of all reasonable inferences that can be drawn from the facts. *United States v. City of Columbia, Mo.*, 914 F.2d 151, 153 (8th Cir.1990); *Woodsmith Publishing Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir.1990).

## II. Facts

On October 17, 1968, architect entered into an agreement with hotel to design a set of plans and specifications for the Airport Hilton. In its specifications, architect included the use of a recessed soap dish to be placed in the wall by every bathtub. This specification was finalized in June 1970, and no revisions to the design of the Airport Hilton affecting the soap dish specification occurred after that time.

Gilmer designed and manufactured the soap dishes. Subcontractor purchased the soap dishes on January 16, 1974, and February 28, 1974, and completed installing the soap dishes before May 1, 1974. At oral argument, plaintiffs asserted that invoices ## 33675 and 37801 raise a question of fact as to when subcontractor installed the soap dishes because these invoices are dated after May 1, 1974. The invoices are not very legible, but from what can be discerned, they do not mention the soap dishes. These invoices are insufficient, as a matter of law, to raise a fact issue concerning Gilmer's manufacture date.

## III. Gilmer's Motion

Gilmer asserts that Patel's action against it is barred by Iowa's statute of limitations for actions regarding improvements to real property:

> In addition to limitations contained elsewhere in this section, an action arising out of the unsafe or defective condition of an improvement to real property based on tort and implied warranty and for contribution and indemnity, and founded on injury to property, real or personal, or injury to the person or wrongful death, shall not be brought more than fifteen years after the date on which occurred the act or omission of the defendant alleged in the action to have been the cause of the injury or death. However, this subsection does not bar an action against a person solely in the person's capacity as an owner, occupant, or operator of an improvement to real property.

Iowa Code § 614.1(11). Patel argues this section does not bar his claims against Gilmer for a number of reasons: (1) the soap dish is not "an improvement to real property;" (2) the statute is limited to actions based on "tort and implied warranty *and* for contribution and indemnity," whereas this action is based on tort and implied

warranty, but not contribution and indemnity; (3) the action was commenced within 15 years of Gilmer's acts or omissions; and (4) the statute violates the constitutions of the State of Iowa and of the United States.

### A. Improvement to Real Property

■ When faced with similar statutes, courts have adopted two approaches in determining whether a particular item is an "improvement to real property": first, whether common law would classify the property as a fixture to real property, rather than personalty; and second, whether the property is an "improvement" in its ordinary meaning. *Stanske v. Wazee Elec. Co.*, 722 P.2d 402, 406–07 (Colo.1986) (en banc). Regardless of approach, I conclude that the soap dish is an improvement to real property within the meaning of Iowa Code § 614.1(11).

Under Iowa common law, personal property becomes a fixture when:

(1) it is actually annexed to the realty, or to something appurtenant thereto;

(2) it is put to the same use as the realty with which it is connected; and

(3) the party making the annexation intends to make a permanent accession to the freehold.

*Ford v. Venard*, 340 N.W.2d 270, 271 (Iowa 1983). Because the soap dish was actually attached to the hotel, the first element is met. The soap dish was also put to the same use as the realty to which it was connected. The hotel's business is to provide a comfortable place for its guests to stay. This includes bathing facilities, of which a soap dish is part.

Patel suggests the soap dish was not intended to be a permanent accession. Edward Pasutti, one of the installers, testified at his deposition that the soap dish was installed on sheetrock, and that sheetrock installations are not permanent. E. Pasutti Dep. at 9–10, 16–17, 21–22. Although the life expectancy of the installation is about five years, Pasutti also indicated that proper maintenance extends the life of the soap dish installation. *Id.* at 22–24. An improvement does not need to last the life of the building to which it is annexed in order to be a permanent accession to property.

For example, shingles on a roof are fixtures even though the owner anticipates their replacement. That the soap dish will last many years with proper maintenance is sufficient.

Using the ordinary meaning approach, the Minnesota Supreme Court defined an improvement as "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Pacific Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn. 1977) (quoting *Kloster–Madsen, Inc. v. Tafi's Inc.*, 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975)). Applying this standard, one court concluded that a garage door opener is an improvement to real property. *Henry v. Raynor Mfg. Co.*, 753 F.Supp. 278, 281 (D.Minn.1990). Likewise, the soap dish is an improvement to real property.

### B. Causes of Action Covered by Statute

■ "[I]n interpreting statutes a court must look to the object to be accomplished and interpret the statute so that it will best effect rather than defeat the legislative purpose." *Peterson v. Schwertley*, 460 N.W.2d 469, 471 (Iowa 1990). In so doing, a court should avoid "strained, impractical, and absurd results." *Pearson v. Robinson*, 318 N.W.2d 188, 190 (Iowa 1982). "It is a well-known rule of statutory construction that the intent of the legislature prevails over the literal language of a statute." *Hansen v. State*, 298 N.W.2d 263, 265 (Iowa 1980).

Patel's proposed construction of the phrase "an action * * * based on tort and implied warranty and for contribution and indemnity," Iowa Code § 614.1(11), whereby the word "and" limits the application of the statute, is absurd. The obvious function of subparagraph 11 is to provide limitations protection to those individuals, other than owners, who improve real property from stale tort or implied warranty claims, whether they are sued directly or as third-party defendants for contribution or indem-

nity. Therefore, I conclude that the word "and" is properly construed as a disjunctive. *See Koethe v. Johnson,* 328 N.W.2d 293, 299 (Iowa 1982) (construing "and" in Iowa Code § 642.2(5) in the disjunctive); *Green v. City of Mt. Pleasant,* 256 Iowa 1184, 1212, 131 N.W.2d 5, 23 (1964) (construing "or" in Iowa Code § 419.4 in the conjunctive).

### C. 15 Years

█ Gilmer produces summary judgment evidence that everything it did occurred more than fifteen years before May 8, 1989. Patel, in resistance to Gilmer's motion, states: "[t]here is a question of fact as to whether the action was commenced within fifteen years of the date of the alleged negligent act or omission," but offers no evidence to contradict Gilmer's evidence and offers no factual support or argument for the contention that there is a question of fact. This resistance is insufficient to establish the existence of disputed facts requiring a trial.

### D. Constitutionality

Patel argues that Iowa Code § 614.1(11) violates the due process clause of the Iowa Constitution, Article I, section 9, because the statute abolishes Patel's right of action. Patel also argues that Iowa Code § 614.1(11) violates the equal protection clause of Article I, section 6, of the Iowa Constitution, and the Fourteenth Amendment to the United States Constitution, because the statute grants a period of repose to those who improve real property but does not grant a period of repose to owners, occupants, and operators of the real property.

### 1. Due Process

█ Patel argues that Iowa Code § 614.1(11) violates the due process clause of the Iowa Constitution, Art. I, § 9, because the statute destroys his cause of action, citing *Thoeni v. City of Dubuque,* 115 Iowa 482, 88 N.W. 967 (1902). In *Thoeni,* plaintiff's cause of action accrued in 1896, and under the law at that time, he had two years in

which to bring suit. In 1897, however, the legislature shortened the limitations time to three months.[1] The Iowa Supreme Court held that the plaintiff's cause of action was not barred. "[I]t is not competent for the legislature to cut off all remedy, [because] the right to sue within the existing statu[t]e of limitations is property which cannot be thus summarily destroyed." *Thoeni,* 115 Iowa at 484, 88 N.W. at 968. Unlike *Thoeni,* however, Patel's cause of action accrued after the enactment of the statute of limitations. The statute became effective on April 21, 1986, 1986 Iowa Acts ch. 1120, § 1, but Patel's cause of action accrued when he was injured, on June 9, 1987, *Scott v. City of Sioux City,* 432 N.W.2d 144, 147 (Iowa 1988). Because Patel's cause of action had not accrued at the time the law became effective, he was not deprived of any property right, and his right to due process was not infringed. *See Schwarzkopf v. Sac County Bd. of Supervisors,* 341 N.W.2d 1, 8 (Iowa 1983) (deprivation of nonvested right does not violate due process). A number of states have reached the same conclusion. *Hess v. Snyder Hunt Corp.,* 240 Va. 49, 54 n. 3, 392 S.E.2d 817, 821 n. 3 (1990) (collecting cases).

### 2. Equal Protection
#### a. *Standing*

█ Although Gilmer has not raised the issue of standing to assert the equal protection challenge, I am obligated to consider it *sua sponte. Juidice v. Vail,* 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977). Standing involves two separate inquiries:

> First, whether the plaintiff-respondents allege "injury in fact," that is, a sufficiently concrete interest in the outcome of their suit to make it a case or controversy subject to a federal court's Art. III jurisdiction, and, second, whether, as a prudential matter, the plaintiff-respondents are proper proponents of the particular legal rights on which they base their suit.

*Boone County Hosp.,* 394 N.W.2d 776 (Iowa 1986).

---

1. This provision was later declared unconstitutional on equal protection grounds. *Miller v.*

*Singleton v. Wulff,* 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976). There is no doubt that Patel suffers a concrete injury from the application of the Iowa statute of limitations. "The question of what rights [Patel] may assert in seeking to resolve the controversy is more difficult." *Singleton,* 428 U.S. at 113, 96 S.Ct. at 2874.

■ Ordinarily, a litigant may assert only his or her own rights, and not the rights of third parties. *United States Dep't of Labor v. Triplett,* 494 U.S. 715, 110 S.Ct. 1428, 1431, 108 L.Ed.2d 701 (1990). One reason for the reluctance to permit third-party standing is that "courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not." *Singleton,* 428 U.S. at 113, 96 S.Ct. at 2873.

Under certain circumstances, a litigant may bring an action on behalf of third parties. Beyond "injury in fact," a litigant must satisfy two important criteria: (1) "the litigant must have a close relation to the third party;" and (2) "there must exist some hindrance to the third party's ability to protect his or her own interests." *Powers v. Ohio,* —— U.S. ——, 111 S.Ct. 1364, 1379, 113 L.Ed.2d 411 (1991) (citations omitted).

■ Patel does not satisfy either of these criteria. Patel does not have a close relation to the hotel, nor is there any hindrance to the hotel's ability to raise the same argument. In fact, the hotel is a party-defendant, and it has ample opportunity to make the same arguments. To permit Patel to assert the rights of the hotel which the hotel chooses not to assert on its own behalf would be incongruous. Therefore, Patel does not have standing to raise its equal protection arguments.

Three federal courts and one state court reach the result that I reach today. *See In re San Juan Dupont Plaza Hotel Fire Litig.,* 687 F.Supp. 716, 731 (D.P.R.1988); *Britt v. Schindler Elevator Corp.,* 637 F.Supp. 734, 736–37 (D.D.C.1986); *Adair v.*

*Koppers Co.,* 541 F.Supp. 1120, 1129–30 (N.D. Ohio 1982), *aff'd,* 741 F.2d 111 (6th Cir.1984); *Bouser v. City of Lincoln Park,* 83 Mich.App. 167, 173 n. 5, 268 N.W.2d 332, 335 n. 5 (1978), *aff'd sub nom. O'Brien v. Hazelet & Erdal,* 410 Mich. 1, 299 N.W.2d 336 (1980). Although these four courts constitute a minority of those jurisdictions that have considered the issue, the bulk of the remaining cases are state court decisions. *Turner Constr. Co. v. Scales,* 752 P.2d 467, 470 (Alaska 1988); *Sandoe v. Lefta Assocs.,* 559 A.2d 732, 736 n. 4 (D.C.App.1988); *Shibuya v. Architects Hawaii Ltd.,* 65 Haw. 26, 33–34, 647 P.2d 276, 282 (1982); *Klein v. Catalano,* 386 Mass. 701, 712–15, 437 N.E.2d 514, 522–23 (1982); *Funk v. Wollin Silo & Equip., Inc.,* 148 Wis.2d 59, 67, 435 N.W.2d 244, 248 (1989). Only one federal jurisdiction agrees with the state decisions. *Cudahy Co. v. Ragnar Benson, Inc.,* 514 F.Supp. 1212, 1216 (D.Colo.1981); *McClanahan v. American Gilsonite Co.,* 494 F.Supp. 1334, 1342–44 (D.Colo.1980). The federal circuit courts of appeal have, so far, avoided the question. *Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128, 1137 (6th Cir.1986); *Van Den Hul v. Baltic Farmers Elevator Co.,* 716 F.2d 504, 511 n. 5 (8th Cir.1983).

Even if Patel has standing to raise the equal protection arguments, they would fail on the merits.

### b. *Iowa Constitution*

The Iowa Constitution provides:

All laws of a general nature shall have a uniform operation; the general assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens.

Art. I, § 6. Iowa interprets this clause to be similar to the equal protection clause of the United States Constitution. *Harden v. State,* 434 N.W.2d 881, 885 (Iowa), *cert. denied,* 493 U.S. 869, 110 S.Ct. 194, 107 L.Ed.2d 149 (1989). Moreover, "[w]hen a classification survives an equal protection challenge under article I, section 6, [of the Iowa Constitution] it will also survive a privileges and immunities challenge under the same provision." *Matter of Chicago,*

**968**

*M., St. P. & Pac. R.R. Co.,* 334 N.W.2d 290, 294 (Iowa 1983).

The statutory classification at issue is the exclusion of owners, occupants, and operators from Iowa Code § 614.1(11). The appropriate standard of review is the rational basis test. *Koppes v. Pearson,* 384 N.W.2d 381, 384 (Iowa 1986) (medical malpractice statute of limitations, Iowa Code § 614.1(9)). Because there is a presumption of constitutionality, *Saadig v. State,* 387 N.W.2d 315, 320 (Iowa), *appeal dismissed,* 479 U.S. 878, 107 S.Ct. 265, 93 L.Ed.2d 242 (1986), the burden is on Patel

> to demonstrate beyond a reasonable doubt the act violates the constitutional provision invoked and to point out with particularity the details of the alleged invalidity. To sustain this burden plaintiffs must negative every reasonable basis which would support the statute. Every reasonable doubt is resolved in favor of constitutionality.

*City of Waterloo v. Selden,* 251 N.W.2d 506, 508 (Iowa 1977) (citations omitted). The Iowa Supreme Court explained:

> It is not for us to consider the wisdom or folly of any legislative act. We lack the power to declare a statute void unless it is plainly and without doubt repugnant to the provisions of the constitution upon which the constitutional challenge is based.

*State v. Aumann,* 265 N.W.2d 316, 319 (Iowa 1978).

There is a rational basis for the legislature's decision to exclude owners, occupants, and operators from the protection afforded others who improve real property. Owners "have continuing control of the premises and are responsible for their repair and maintenance. In contrast, architects and builders have no control over the premises once they are turned over to the owner." *Sedar v. Knowlton Constr. Co.,* 49 Ohio St.3d 193, 204, 551 N.E.2d 938, 948 (1990). The vast majority of jurisdictions have upheld their construction statutes of limitations against equal protection challenges. *See Sedar,* 49 Ohio St.3d at 203 n. 8, 551 N.E.2d at 948 n. 8 (collecting cases). Most of these cases challenged the stat-

ute's failure to extend the benefits of repose to owners. *See, e.g., Barnhouse v. City of Pinole,* 133 Cal.App.3d 171, 182, 183 Cal.Rptr. 881, 887 (1982); *Yarbro v. Hilton Hotels Corp.,* 655 P.2d 822, 827 (Colo.1983); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.,* 489 A.2d 413, 418–19 (Del.1984); *Burmaster v. Gravity Drainage Dist. No. 2,* 366 So.2d 1381, 1385 (La.1978); *Howell v. Burk,* 90 N.M. 688, 694, 568 P.2d 214, 220 (Ct.App.), *cert. denied,* 91 N.M. 3, 569 P.2d 413 (1977); *Sedar,* 49 Ohio St.3d at 203, 551 N.E.2d at 948; *Hess,* 240 Va. at 55, 392 S.E.2d at 821.

#### c. *U.S. Constitution*

The United States Supreme Court addressed the application of the equal protection clause of the 14th Amendment to state construction statutes of limitations in 1971 and 1982. In 1971, the Court dismissed a case arising out of Arkansas for lack of a substantial federal question. *Carter v. Hartenstein,* 401 U.S. 901, 91 S.Ct. 868, 27 L.Ed.2d 800 (1971), *dismissing appeal from* 248 Ark. 1172, 455 S.W.2d 918 (1970). A dismissal for lack of a substantial federal question "without doubt reject[s] the specific challenges presented in the statement of jurisdiction." *Mandel v. Bradley,* 432 U.S. 173, 176, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977). In a concurring opinion, Justice Brennan counsels:

> before deciding a case on the authority of a summary disposition by this Court in another case, [judges] must (a) examine the jurisdictional statement in the earlier case to be certain that the constitutional questions presented were the same and, if they were, (b) determine that the judgment in fact rests upon decision of those questions and not even arguably upon some alternative nonconstitutional ground. The judgment should not be interpreted as deciding the constitutional questions unless no other construction of the disposition is plausible.

*Mandel,* 432 U.S. at 180, 97 S.Ct. 2238 (Brennan, J., concurring).

In *Carter,* plaintiff argued that the Arkansas statute of limitations, Ark.Stat.Ann. § 37–238, violates the Arkansas Constitu-

tion, and the equal protection and due process clauses of the 14th Amendment. Although not directly addressing the federal issue, the Arkansas Supreme Court concluded that the statute "is valid, reasonable, constitutional and not enacted for arbitrary or capricious reasons." 248 Ark. at 1176, 455 S.W.2d at 921. In her appeal to the United States Supreme Court, Carter presented the question of whether the statute "violates the due process and equal protection clauses of the 14th Amendment to the Constitution of the United States." Juris. Statement at 5, *Carter v. Hartenstein*, 401 U.S. 901, 91 S.Ct. 868, 27 L.Ed.2d 800 (No. 915). More specifically,

> Appellant emphatically contends, however, that by failing to include manufacturers and suppliers or materialmen within its protective provisions, Act 42 indeed presents a classic example of the *unreasonable* inequality contemplated by the language in *McGowan [v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 1153, 1218, 6 L.Ed.2d 393 (1961)] and related cases.

Juris. Statement at 16–17 (emphasis in original).

Although Carter raised the issue of the materialmen exclusion, she specifically did not argue the exclusion of owners from the operation of the Arkansas statute.

> [I]t should be noted for purposes of comparison that the distinction made by Act 42 between its beneficiaries and owners or persons in control of buildings, who are expressly excluded from coverage under Act 42, appears to be a valid one, due to the latter group's different and continuing duty, which is created and exists subsequent to completion of construction.

Juris. Statement at 17. Because Carter did not argue the claim of owners, the Supreme Court did not decide that issue. *See Illinois Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 182–83, 99 S.Ct. 983, 989–90, 59 L.Ed.2d 230 (1979).

In 1982, the Supreme Court dismissed another appeal from a state court for lack of a substantial federal question. *Ellerbe v. Otis Elevator Co.*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982), *dismissing appeal from Ellerbe v. Otis Elevator Co.*, No. C–669, slip op. (Tex. Feb. 3, 1982), *aff'g* 618 S.W.2d 870, 873 (Tex.Civ.App.1981). In *Ellerbe*, plaintiff argued the Texas construction statute of limitations violates the Texas Constitution and the 14th Amendment. The Texas Court of Civil Appeals stated:

> The Texas Statute * * * excludes from its protection persons in possession or control of real property, such as owners, lessors, and tenants. We do not determine whether materialmen come within the statutory language. Even though they may be excluded, we find the Statute constitutional since such exclusion would be founded on a valid distinction.

618 S.W.2d at 873. The Texas Supreme Court denied Ellerbe's application for writ of error because "the application presents no error requiring reversal of the judgment of the Court of Civil Appeals." *Ellerbe v. Otis Elevator Company*, No. C–669, slip op. (Feb. 3, 1982), quoted in Juris. Statement at A–13, *Ellerbe v. Otis Elevator Company*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (No. 81–2310).

Ellerbe appealed to the United States Supreme Court, presenting the question "whether Tex.Rev.Civ.Stat.Ann. Art. 5536a, § 1 and § 2 (Vernon Supp.1980) is violative of the equal protection and due process clauses of the 14th Amendment to the Constitution of the United States." Juris. Statement at 2. Ellerbe specifically argued "[t]he statute under consideration * * * grants special immunity from suit to architects, engineers, and a limited class of others engaged in the construction industry but denies such protection to those similarly situated, such as owners and materialmen." Juris. Statement at 7. The Supreme Court's holding that this is not a substantial federal question resolves the issue.

### E. Conclusion

Patel's claim against Gilmer is barred by Iowa Code § 614.1(11).

**IV. Architect's and Subcontractor's Motions**

Architect and subcontractor move for summary judgment against Gilmer. Because Gilmer's motion against Patel will be granted, the motions of architect and subcontractor become moot and require no rulings.

### Rulings

The motion for summary judgment filed by defendant Gilmer Potteries, Inc., is GRANTED, and Patel's claim against Gilmer is DISMISSED.